found that he sold them to the defendant, and there is nothing in that portion of the charge of the learned judge assigned as error that would justify us in reversing the judgment.

Judgment affirmed.

## Commonwealth to use *v.* Cummins, Admrx., Appellant.

*Accord and satisfaction—Partial payment of debt.*

A partial payment of an undisputed claim cannot be treated as an accord and satisfaction, and the balance of the debt can be recovered, although there is an actual agreement to receive the amount paid as a complete payment of the debt.

Argued Nov. 1, 1892. Appeal, No. 150, Oct. T., 1892, by Mary R. Cummins, administratrix of Margaret Cummins, deceased, from judgment of C. P. No. 1, Allegheny Co., June T., 1889, No. 124, on verdict for plaintiff, Commonwealth, to use Joel L. Bigham, to use W. C. Erskine, afterwards marked to use of Sarah Bigham. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on bond.

The facts appear by the following opinion of the court refusing a new trial, by STOWE, P. J.:

"At No. 107, Sept. T., 1882, a certain suit was instituted in which Margaret Cummins was plaintiff and Joel L. Bigham defendant. After various proceedings therein on Oct. 4, 1882, the sum of $1,425 was paid into court by defendant to cover plaintiff's claim and costs. Subsequently $854.40, the amount conceded by defendant to be due plaintiff, was allowed to be withdrawn by him, the balance remaining in court, viz.: $564.54. This sum was afterwards, by order of court, loaned to said plaintiff upon her giving her bond in the sum of $1,200, with David R. McIntire as security, conditioned for the repayment of the money with interest at six per cent within ten days after the same shall be required by order of court, or one of the judges. Sept. 8, 1884, a bond was filed as directed and the money withdrawn from the court. Dec. 14, 1886, this bond and all the right of the defendant by him in said suit were assigned to W. C. Erskine, as appears of record.

" It was subsequently determined in said suit that Margaret Cummins, the plaintiff, was only entitled to $854.40, the amount admitted therein to be due, and the residue, $564.54, was adjudged to be due and payable to Joel L. Bigham.

" By said bond, Mrs. Margaret Cummins and D. R. McIntire bound themselves, their executors and administrators, jointly and severally, to pay to the plaintiff, Joel Bigham, his heirs and assigns, the same penal sum of $1,200 condition for the payment of the loan of the said $564.54 with interest, etc., which they afterwards neglected and refused to do; and to recover this money this action was brought, Com. for use of Joel L. Bigham, on March 20, 1889, against D. R. McIntire and Mary R. Cummins, administrators of Margaret Cummins.

" On Dec. 14, 1886, Joel L. Bigham drew the following order on W. C. Erskine: ' Please pay to the bearer [Mrs. Sarah Bigham] the sum of $500, in full for balance due me this day.'

" On which order Erskine wrote: ' Accepted when in funds from collection of money due me as assignee of Bigham in case of Cummins v. Bigham. D. S. B. No. 107, Sept. T., 1882, C. P. No. 1, of Allegheny Co., first however deducting $150 for myself.'

" Subsequently the defendants made an arrangement with Erskine, the use plaintiff, to purchase the claim from him, and by arrangement through their attorney paid him $——, [a sum less than the debt,] and took an assignment of his interest in the claim in the name of their attorney. Whether Erskine disclosed to defendants, or their attorney, the fact that he had agreed to pay Mrs. Bigham $500 of this claim, was controverted, but upon the trial, we thought, and instructed the jury, that, even if they had not received notice and believed that Erskine alone was interested in it, defendants had no case, because the part payment of judgment and the assignment to their attorney, for the benefit of Erskine's interest, was not a satisfaction of the claim, and plaintiffs could recover the balance of their claim unpaid, with interest.

" The first question is, did this acceptance of Erskine operate as an assignment in equity of Erskine's interest in this claim, or was it a mere promise to pay out of funds whatever he might possibly collect, and which would not in equity have affected the case if disclosed to the defendants before the assignment of

Erskine's interest? I do not think it such assignment as would have protected Mrs. Bigham's right in case full payment had been made without notice, or perhaps even with notice, as the agent was simply to pay her when in funds, or in other words, when he had collected the claim; but it seemed true, and still seems true, that the so-called accord and satisfaction is not sufficient to prevent recovery of the balance for the use of Erskine, who is willing that whatever he may be entitled to may be marked for use of Mrs. Bigham.

" Was, then, this claim paid? Or can plaintiffs recover the amount not actually paid with interest? It seems to me that the money which was paid, coming from the defendants in this suit, who were the obligees in the bond, can be treated as a payment to the extent only that they actually paid the debt due under the obligation; and that the assignment of the claim to Mr. Fetterman for the actual benefit of defendants, does not make the case any better than if they had paid Erskine so much money in satisfaction of the debt. The doctrine upon this question seems to be that a partial payment of an undisputed claim cannot be treated as satisfaction, and that the balance can be recovered, although there is an actual agreement to receive it as complete payment."

Binding instruction for plaintiff was given. [2]

*Error assigned* was (2) instruction, quoting it.

*L. K. Porter*, *C. S. Fetterman* with him, for appellants, cited, Hendricks v. Thomas, 106 Pa. 327; Griffiths v. Sears, 112 Pa. 523.

*John C. Thompson* and *J. McF. Carpenter*, for appellee, not heard, cited: Haines v. Barnetts, 8 Watts, 39; Beck v. Uhrich, 13 Pa. 636; Griffith v. Sears, 112 Pa. 523; Hendricks v. Thomas, 106 Pa. 327.

PER CURIAM, January 3, 1893: Judgment affirmed.