### BOWDON & ERWIN v. ROBINSON BROS. AND J. NUMMY.

### No. 331.

1. **Garnishment—Release Construed.**—Appellants having a judgment for $175 against Nummy and five others, garnisheed Robinson Bros., bankers, who answered that Nummy had on deposit with them $175. Nummy intervened. claiming that he was released, because by agreement with appellants each defendant was to be released upon payment of $25, and he had paid appellants that sum. The agreement was with all the defendants that appellants would release them from payment if each would pay $25, but not that they would release each one upon such payment. The judgment discharging the garnishees and releasing Nummy was reversed.

2. **Evidence of Release.**—The evidence relied on to show a release is the· recital in receipts given to some of the defendants who had made payments, to the effect that appellants agreed to give the party making payment a receipt in full for his pro rata, on the payment of $25, and reciting that said sum was his pro rata liability on the judgment, but these do not show any agreement by appellants to release each of the parties upon payment by him of a part of the judgment. A payment of part of a debt is not a discharge of the whole, although it may be accepted as such.

3. **The Judgment Rendered.**—All necessary facts appearing in the record, judgment is rendered in favor of appellants for the balance due on the judgment and costs against the garnishees, not to exceed the amount of $175, admitted by their answer to be in their hands.

APPEAL from Anderson. Tried below before Hon. A. W. GREGG, Special Judge.

*Thomas B. Greenwood*, for appellants.—The court erred in its third conclusion of law, which is, " that the intervenor, by reason of the facts. found, is discharged from said judgment;" because if the plaintiffs had agreed to release the intervenor from the payment of the judgment against. him upon the payment by him of a small part of the same, such agreement being without consideration, could not bind plaintiffs, and would be void; and because the intervenor neither plead nor proved any facts. tending to show that the plaintiffs had released him from the payment of said judgment. United States v. Bostwick, 94 U. S., 53; Baird v. United States, 96 U. S., 430; 18 Am. and Eng. Encycl. of Law, 230, and cases cited; Weber v. Couch, 134 Mass., 26; Manfg. Co. v. Jennings, 29 Kans., 657; Bunge v. Koop, 48 N. Y., 225; Reynolds v. Reynolds, 18 S. W. Rep., 377; Kirchoff v. Voss, 67 Texas, 320; Gibson v. Irby, 17 Texas, 174; Clifton v. Foster, 20 S. W. Rep., 1005.

*Holliday & O'Quinn*, for appellees.—When a party pleads discharge from a judgment by reason of having paid a smaller amount in full payment, the court will consider as consideration therefor a release of one of his joint obligors, and including in said agreement another party who was not bound by said judgment, but who, in consideration of such discharge, agreed to pay a pro rata of the judgment. Plaintiffs in this suit executed to Rogerson, who was joined in the original judgment, a written release from said judgment. Also, H. C. Stoddard, who was not a party to the judgment, agreed to and did pay part of said judgment. Rev. Stats., arts. 4487, 4488; Dickson v. Dermott, 13 Texas, 248; 12 Am. and Eng. Encycl. of Law, 149, note Z, and authorities; 18 Am. and Eng. Encycl. of Law, 231, 232, and authorities; Jones v. Perkins, 29 Miss., 139; Williams v. Carrington, 1 Hilt., 515; Corbett v. Lucas, 4 McCord, 323; Freem. on Judg., 3 ed., sec. 463, and authorities; 2 Black on Judg., sec. 989, and authorities; Water. on Setoffs, 9, and authorities, note, and cases cited; 2 Pars. on Con., 130, 131, 132; Milken v. Brown, 1 Rawle, 391.

GARRETT, Chief Justice.—Bowdon & Erwin, creditors of James Nummy and five others, instituted this garnishment proceeding against appellees, Robinson Brothers, setting out in their affidavit for garnishment that they had recovered a judgment in the Justice Court, precinct number 1, Anderson County, against the said James Nummy and Claud Busby, John Rogerson, Will Bronson, William Ferrell, and W. A. Roscoe, on the 26th day of August, 1890, for the sum of $175, with 8 per cent interest, and $11.90 costs of suit. The garnishees answered, that as bankers they had in their possession on deposit to the credit of James Nummy the sum of $175. Nummy intervened, and alleged that the judgment had been discharged as to himself by a special agreement with the plaintiffs, that if he would pay to them $25 they would receive it as his pro rata share of said judgment and release him from all further liability thereon; that he paid plaintiffs said sum of money and took their receipt therefor, showing that he had paid his "pro rata on mule," the said judgment being for the value of a mule, for the loss of which plaintiffs had sued the defendants in said judgment; and that it was then and there agreed that in consideration of said sum paid, the said Nummy was released from further liability on said judgment.

The case was tried in the County Court, on appeal from the Justice Court, without a jury, and resulted in a judgment in favor of the intervenor, and also discharging the garnishees.

Under the pleading of the intervenor evidence was improperly admitted to show an agreement to release each one of the defendants on the payment by him and by one Stoddard, who had been sued with them and discharged on his plea of infancy, of the sum of $25 each; and the conclusion of the court that there was such an agreement, even if the evi-

dence had been admissible, is not supported by the evidence. Busby's evidence was, that Bowdon & Erwin had agreed with all the defendants against whom they had recovered judgment, that they would release them from payment of same if each of them would pay the sum of $25, and not that they would release each one upon the payment by him of $25. The evidence relied on to show an agreement in writing to release is the recital in receipts given to some of the defendants who had made payments, to the effect that plaintiffs agreed to give the party making the payment a receipt in full for his pro rata on the payment of $25, and in the case of Rogerson a receipt for $22, reciting that said sum was his pro rata liability on said judgment and cost. These recitals are not inconsistent with an arrangement of the parties between themselves for each to pay his pro rata share of the judgment, including also Stoddard, who was not bound by the judgment. The evidence does not show any agreement on the part of plaintiffs to release each of the parties upon the payment by him of a part of the judgment.

Although the judge found the fact as before stated, he did not rest the judgment thereon, because said release had not been pleaded; yet he found that under the facts of the case the defendant was discharged on the payment made by him. In this we think there was error.

Nummy was not released by his payment to plaintiffs of a part of the judgment. It was not shown in the first place that there was any intention to release him, nor in the second place that there was any consideration for such release. A payment of part of a debt is not a discharge of the whole, although it may be accepted as such.

The judgment of the court below will be reversed; and as the facts necessary to the rendition of a judgment here in favor of appellants appear in the record, such judgment will be rendered as ought to have been rendered in the court below.

The statement of facts shows that plaintiffs recovered judgment August 26, 1890, for the sum of $175, to bear interest from said date at the rate of 8 per cent per annum, and costs of suit $11.90; and that said judgment should be credited as follows: January 15, 1891, Busby, $20; January 15, 1891, Rogerson, $22; Stoddard, $10; April 15, Busby, $5; April 17, Roscoe, $5; June 10, Roscoe, $5; June 15, Busby, $5; June 16, Roscoe, $5; March 15, 1892, Nummy, $25.

Judgment will be rendered in favor of appellants against the appellees Robinson Brothers for the balance due on said judgment and the costs in Justice Court, $11.90, added thereto, besides all costs of this proceeding, the whole not to exceed the said sum of $175 in their hands, with an allowance of $5 to said garnishees as compensation for their answer.

*Reversed and rendered.*

Delivered November 2, 1893.