[No. 1524.  Decided October 18, 1894.]

*In the Matter of the Assignment of Honora T. Cleary, Insolvent:* SAMUEL R. STERN, *Appellant*, v. A. HANSEN CARLSRUD, *Respondent.*

EQUITABLE ASSIGNMENT—ORDER UPON RENTAL AGENTS TO PAY RENT COLLECTED.

An order by a lessor upon her agents to pay the money collected by them as rent from certain premises to a person named, does not constitute such an equitable assignment of the rent due from the lessees as to prevent the lessor's interest in the rent not yet collected from passing under a subsequent assignment made for the benefit of creditors.

*Appeal from Superior Court, Spokane County.*

*Samuel R. Stern,* for appellant.

The opinion of the court was delivered by

HOYT, J.—Honora T. Cleary was the owner of certain property in the city of Spokane which had been rented. The rents were collected for her, as they became due, by the firm of McCrea & Merryweather, her agents.   The property had been mortgaged to Samuel R. Stern, and a large amount of interest on the mortgage was due and unpaid on the first day of September, 1893, upon which date Mrs. Cleary made and signed an order upon her agents, in the following form: "McCrea & Merryweather: Please pay to S. R. Stern rents of the Fourth and Lincoln street prop-

erty until interest due him from me is fully paid.'' By virtue of this order the rents as collected were paid over by said agents to said Stern, until March 28, 1894, at which time Mrs. Cleary made a general assignment for the benefit of her creditors to A. Hansen Carlsrud, who having qualified as assignee, claimed the right to receive the rents as they became due. The said Stern also claimed the right to receive the rents by virtue of the order above set forth, and the only question involved in this appeal is, as to the one who is rightfully entitled to the rents under the circumstances above set forth.

It will be observed that the order of Mrs. Cleary, in favor of Mr. Stern, was not upon the lessees of the property. If it had been, it might well be held that such order constituted an equitable assignment of all the rent. And if it was, it would probably follow that the assignee would take subject to such equitable assignment, and would not be entitled to collect the rent until such time as the interest upon the mortgage had been fully paid. The order was upon the agents, who were to collect the rent from time to time as it became due, and could only have force upon the funds after they had received them. By virtue of the order no privity was established between said Stern and the lessees of the property, hence it could not be construed as an equitable assignment, partial or entire, of the rights of the lessor under the lease.

It follows that there was no equitable assignment of her interest in the rent money to become due thereunder. She could not, by a simple direction to her agents to pay over money which they might or might not collect, so transfer her interest in the money to be, but not yet, collected as to prevent its passing to the assignee.

The judgment will be affirmed.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.