ROGERS v. THE STATE.

1. An indictment charging the sale of liquors, without license, to various persons, without showing either the place of sale or that they were habitual, does not disclose an offence within the scope of the supplement to the Crimes act. *Pamph. L.* 1893, *p.* 193.

2. It must be shown that the sales were such that thereby the seller would, at common law, have been deemed the keeper of a disorderly house.

On error to the Monmouth Quarter Sessions.

Argued at June Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justice GUMMERE.

For the plaintiff in error, *Charles G. Cook* and *R. T. & W. B. Stout*.

For the state, *Charles H. Ivins*, prosecutor of the pleas.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The indictment in this case charges that the defendant sold liquor to various persons,

without having obtained a license.  It does not assert that such sales were made in any house or particular place in the township.

By force of this charge the defendant has been convicted, and has been sentenced to pay a fine of $300 and to stand imprisoned in the county jail for the period of three months.

This judgment is sought to be justified on the theory that the proofs made a case against the defendant, bringing his offence within the operation of the supplement to the Crimes act, approved March 10th, 1893.  *Pamph. L., p.* 193 ; *Gen. Stat., p.* 1101.

While this is true as to the facts established, the legal difficulty is not thereby relieved, inasmuch as there is no charge in the indictment corresponding to these proofs.  According to the testimony, the defendant's offence consisted in habitually selling liquor unlawfully in a certain building in his possession, and this transgression would, at common law, have rendered the defendant guilty of keeping a disorderly house. This effect is frustrated by the supplement to the Crimes act, above cited, for it expressly declares that " where the offence sought to be punished consists wholly in the unlawful sale of spirituous, vinous, malt or brewed liquors," then in that case the person so selling shall not be indicted for the offence of maintaining a common-law nuisance or keeping a disorderly house ; and provides that " *in all such cases* the indictment shall be in form for the sale of intoxicating liquors contrary to law."   After this follows a provision that in case of " conviction of such unlawful sale of any of said liquors, the person or persons so convicted shall be punished as in and by said section 192 of the said 'Act for the punishment of crimes' is provided."

This supplement has this effect, that when liquor has been habitually sold in a certain house contrary to law, in such cases the indictment, instead of charging the defendant with keeping a disorderly house, shall simply charge that *such sales*—that is, habitual sales—and the designated place, were contrary to law.

The indictment in the case before the court does not contain any such description of the offence as will. thus subject the transaction to the operation of the supplement in question, the consequence being that the judgment must be reversed.