SCHULZE v. WACO LAND & TRUST CO. et al. (No. 5467.) †

(Court of Civil Appeals of Texas. Austin. April 28, 1915. Rehearing Denied May 26, 1915.)

ACCORD AND SATISFACTION ☞7—WHAT CONSTITUTES—PART PAYMENT.

Where a mortgagee expressly stated that he insisted on the full 10 per cent. interest which the notes called for after maturity, his acceptance for several years of 8 per cent. interest was not a satisfaction of his claim for the excess, for part payment of a debt under an agreement that it shall be taken as full payment does not have that effect; the agreement being without consideration.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 46–58, 66, 94, 95; Dec. Dig. ☞7.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Suit by the Waco Land & Trust Company and another against William Schulze and another. From a judgment for plaintiffs, defendant named appeals. Reversed and rendered.

Sleeper, Boynton & Kendall, of Waco, for appellant. D. A. Kelley, of Waco, for appellees.

JENKINS, J. This suit was begun October 31, 1913, by appellee trust company and S. Levy, against C. A. Boynton, substitute trustee, and Wm. Schulze, who lives in Scotland, to enjoin the sale of a parcel of land described in the petition, upon which a deed of trust, with power of sale, had been executed by D. H. Orand and wife, to secure the Waco Land & Trust Company in the payment of three notes, dated March 1, 1905, two for the sum of $500 each, due, respectively, March 1, 1906, and March 1, 1907, and one for the sum of $2,300, due March 1, 1909, each bearing interest from date at the rate of 8 per cent. per annum, with interest at the rate of 10 per cent. per annum after maturity. These notes were sold by the Waco Land & Trust Company to appellant, and payment thereof guaranteed. The first $500 note has been paid, and interest on the other notes at the rate of 8 per cent. per annum was paid on or about March 1st of each year, and the principal of the other notes was deposited by the trust company in the First National Bank of Waco to the credit of appellant on March 14, 1911. Appellant declined to receive said deposit in full payment of the amount due him, but insisted upon the payment of interest at the rate of 10 per cent. per annum after maturity of said notes. The trust company having declined to pay this interest, and the original trustee having declined to act, appellant appointed Boynton substitute trustee, who advertised said land for sale under said deed of trust. This suit was brought to enjoin said sale.

Appellees insist that appellant waived his right to demand 10 per cent. interest on said notes after maturity. The evidence in this case consists principally of correspondence between the trust company and appellant. It shows, as above stated, that interest at the rate of 8 per cent. per annum was promptly paid on these notes, and appellees insist that said correspondence shows that appellant accepted such interest in full of his demand for interest on said loan, and thereby waived his right to demand the full 10 per cent.

The common-law rule recognized in England, and in all of the states of the Union, except Connecticut and Mississippi, is that part payment of a debt, the amount of which is definitely ascertained or agreed upon, made under an agreement that it shall be taken as full payment of the whole debt, will not have that effect; that such agreement is without consideration and nudem pactum. Bowdon v. Robinson, 4 Tex. Civ. App. 628, 23 S. W. 816; Rotan v. Noble, 36 Tex. Civ. App. 226, 81 S. W. 586; Russell v. Meek, 58 S. W. 373, 22 Ky. Law Rep. 498; Wetmore v. Crouch, 150 Mo. 671, 51 S. W. 738; Atty. Gen. v. A. L. H., 196 Mass. 151, 81 N. E. 966; McIntosh v. Johnson, 51 Neb. 33, 70 N. W. 522; Life Ass'n v. Caine, 224

Ill. 599, 79 N. E. 956; Leeson v. Anderson, 99 Mich. 247, 58 N. W. 72, 41 Am. St. Rep. 597; Hodges v. Truax, 19 Ind. App. 651, 49 N. E. 1079; Hoidale v. Wood, 93 Minn. 190, 100 N. W. 1100; Chambers v. Insurance Co., 58 N. J. Law, 216, 33 Atl. 283; Commonwealth v. Cummins, 155 Pa. 30, 25 Atl. 996; Bank v. McCormick, 97 Md. 703, 55 Atl. 439. Numerous citations might be added from other states. These are made for the reason that they appear in the Reporter System, which is accessible to most of the attorneys in this state.

This doctrine has been severely, and we think justly, criticized by courts that nevertheless felt bound by it. In Herman v. Schlesinger, 114 Wis. 382, 90 N. W. 460, 91 Am. St. Rep. 922, the court said:

"The rigorous rule of the common law permitting a person to receive part of an undisputed, presently due indebtedness, pretending to accept the same in satisfaction of the whole indebtedness, the debtor parting with the amount paid with that understanding, and then change front and sue for the balance of such indebtedness on the ground that the release thereof was void for want of consideration, is so little favored by courts that it is commonly held not to apply where anything, whether of advantage to the creditor or disadvantage to the debtor, can be reasonably said to stand for that part of the indebtedness not measured by an equivalent in money actually paid to the creditor."

The Court of Civil Appeals for the Fifth District in this state said:

"The least consideration, however, in such a case (where the creditor has agreed to accept part in payment of the whole), is sufficient to make the agreement binding." Rotan v. Noble, 36 Tex. Civ. App. 226, 81 S. W. 588.

The common-law rule has been abolished by statute in Alabama, Georgia, North Carolina, Tennessee, Virginia, and Maine. In a very vigorous opinion in Clayton v. Clark, 74 Miss. 499, 22 South. 189, 37 L. R. A. 771, 60 Am. St. Rep. 521, the Supreme Court of Mississippi refused to recognize the common-law rule on this subject, saying that it was founded on a dictum in Pinnel's Case, 5 Coke, 117a, and "is absurd, irrational, unsupported by reason, and not founded in authority." So far as we know, this question has not been passed upon by the Supreme Court of this state. It is not necessary that we should pass upon it in the instant case, for the reason that the evidence does not show that the appellant agreed to accept the interest paid (8 per cent.) in satisfaction of the interest called for in the notes, which, as we have stated, was 10 per cent. per annum after maturity. On the contrary, appellant in April, 1909, and again in 1911, expressly stated that he insisted upon the full amount of interest as called for in the notes. Such being the facts, the court should have rendered judgment for appellant dissolving the injunction, and the judgment of the trial court is reversed, and here rendered for appellant.

Reversed and rendered.