## FENNELL v. TROELL. (No. 6472.)

(Court of Civil Appeals of Texas, San Antonio. Dec. 16, 1920.)

Accord and satisfaction ⬤➞11(1)—Compromise and settlement ⬤➞5(2)—Disputed account held settled by acceptance of check marked paid in full.

Where items of a running account were, at time seller went out of business, disputed by the buyer, who claimed that he had previously settled the account up to certain date by check marked "Paid in full," which check seller accepted, and thereafter the parties met and again settled their differences by the seller accepting a check marked "Paid in full," though for less than seller claimed, a subsequent action to recover items of the account not paid for was barred; there being no fraud or mistake in the settlement.

Appeal from Guadalupe County Court; J. B. Williams, Judge.

Action by L. Fennell against Hugo Troell. From judgment entered on verdict for defendant, plaintiff appeals. Affirmed.

Wurzbach & Wirtz, of Seguin, for appellant.

Greenwood & Short, of Seguin, for appellee.

COBBS, J. This suit was instituted by the appellant against appellee to recover value for the amount of goods alleged to have been sold and delivered to the appellee by the Texas Company, of which appellant was agent, during the year 1917, and which account was alleged to have been transferred by the said company to appellant. Appellee, among other things, denied the indebtedness, denied the transfer, and pleaded the two-year statute of limitation, and pleaded payment and agreed settlement. The cause was submitted to the jury on a general charge, and the jury returned a verdict for appellee.

It is shown by the testimony that the Texas Company sold, from time to time, certain goods, and kept a delivery receipt book, in which was entered items of goods sold to appellee and the price at which they were sold, on a separate slip, which slip was signed as a receipt by the purchaser upon the delivery of the goods. The appellee admitted these facts, but denied the justness of the account. He states that on or about September 3, 1917, he had a settlement with appellant, and gave him a check for $176, and marked the same, "Paid in full," which ap-

(226 S.W.)

pellant accepted in full settlement as of that date. The appellee was engaged in the garage business up to December 1, 1917, when he sold his garage, and the last article purchased was on November 28, 1917. The amount appellee owed when he went out of business became a matter of dispute. Appellee demanded to know how much he owed, the Texas Company having mailed him a statement showing a larger sum than he admitted to be due. The parties met on January 25, 1918, and after disputing over the matter, settled according to the figures of appellant and agreed on the sum of $153.21, for which the appellee gave his check and marked the same, "Paid in full," and called appellant's attention to the fact that it was marked "Paid in full," and stated that was all he would pay. The check was accepted by appellant in settlement of the account. On September 27, 1919, nearly two years after the settlement, suit was brought against appellee, alleging that appellee owed appellant $443.21.

In appellant's first assignment of error compaint is made of the court's refusal to give a peremptory instruction to find for appellant for the amount sued for, because the undisputed evidence shows that all the items of goods set forth in appellant's account were sold and delivered to appellee at the prices shown by said account; that appellee made no other payment than shown by appellant, and there has never been a compromise or settlement of the balance due on said account.

The second assignment complains of the refusal of the court to charge the jury that—

"The acceptance of the check for $153.21, dated January 25, 1918, marked 'Paid in full,' and the check for $176.15, dated September 3, .1917, marked 'Paid in full,' does not discharge or prevent plaintiff from recovering the balance due, if any, on the account herein sued upon, if at the time of the giving and acceptance of said checks the defendant owed a greater sum on said account than the amount of said checks; but you will consider said checks only as evidence of the amount due on said account at the respective dates of said checks."

The controversy here was one as to the accuracy of the account itself, which appellee was disputing. When appellant accepted said checks marked "Paid in full," he knew that the same were delivered in full settlement of the account. There is no allegation of fraud or mistake on the part of the appellant in accepting the same, they were deliberately accepted in pursuance of the statement and insistence of appellee that they were given and were to be received in full settlement of the indebtedness. This issue was found in favor of appellee, and there was testimony to support the finding.

In the case of Powers v. Harris et al., 42 Tex. Civ. App. ·250, 94 S. W. 137, appealed from Guadalupe county, tried before Hon. H. M. Wurzbach, who was then county judge, Judge Neill, sustaining the judgment, said:

"The question raised by the assignments of error is, Did the allegation and proof of these facts constitute a defense to plaintiff's action? It is undoubtedly the general rule that a part payment of a bill or note which has fallen due only extinguishes it pro tanto, and an agreement that it shall be in full discharge of the debt does not make such part payment any more effectual as to the residue; there being no sufficient consideration for the discharge of the whole. But if the claim evidenced by the bill or note is disputed, an agreement by way of compromise to receive a part payment in full settlement will discharge it."

Again this court held substantially the same in the case of Bedford v. Simono, 79 S. W. 97, in which the late Chief Justice James, among other things, said, referring to such an arrangement as was made in this case:

"An agreement settling such a matter is not only binding, but is favored in law."

In the case of Stetson-Preston Co. v. H. S. Dodson, 103 S. W. 686, Judge Fisher, delivering the opinion, said:

"The judgment of the trial court may be affirmed on that phase of the case which shows that the appellants received, cashed, and used the check sent them by Dodson. * * * The letter in which the check was sent to the plaintiffs fully informed them that it was intended for a certain purpose; that is, in payment of an amount determined to be due them under a settlement. * * * They accepted this check, and appropriated the funds that arose from cashing it. * * * If they did not intend to be bound by such settlement, they should have repudiated the transaction in toto, and returned to the appellees the draft received. Knowing that it was sent in pursuance and satisfaction of that settlement, retaining the draft and appropriating it operated in law as a ratification, * * * and bound them to the terms of settlement agreed upon."

The authorities cited by appellant have been examined, but are not in point.

As shown, where there is a dispute over the amount claimed to be due, and the debtor executes his check, or pays cash for that matter, upon the amount he admits to be due, and the creditor accepts it, the creditor must be bound by such act, and under the circumstances cannot recover the balance, in the absence of mistake or fraud of some kind.

We have examined all of the assignments presented, and regard them as without merit, as the only question involved is as to the settlement and discharge of appellee by reason of the facts in this case. The assignments of error are therefore all overruled as without merit, and the judgment of the trial court is affirmed.