### BAKER v. COLEMAN ABSTRACT CO.
#### (No. 6533.)

(Court of Civil Appeals of Texas. Austin. Dec. 20, 1922. Rehearing Denied Feb. 14, 1923.)

1. **Accord and satisfaction** ⚮8(1)—Part payment of·debt not sufficient consideration for promise to release from balance.

Part payment of a debt which is undisputed is an insufficient consideration to support a promise to accept such payment in full of the debt, since the creditor has done no more than he was legally bound to do.

2. **Release** ⚮13(4)—Subsequent insolvency of copartners held not to furnish legal consideration for release of partner on his part payment of firm debt.

A legal consideration for release of a partner from a firm debt on his payment of one-third thereof is not furnished by the subsequent insolvency of his two copartners, especially where it does not appear that if the agreement to release him was not made he would have paid the entire debt when he paid a part, or prior to suit against him, and would have sued his copartners for contribution.

3. **Corporations** ⚮417—General manager held not authorized to release debt in absence of consideration for his agreement.

Though a general manager in full charge and control of a corporation's business may make a compromise for a valuable consideration, he could not, in absence of a consideration, bind it by the release of an undisputed debt on payment of a part thereof by one liable for it all.

4. **Partnership** ⚮165—Creditor held not estopped to hold partner for full amount of firm debt, part of which he had paid.

A creditor is not estopped to hold a partner for the full amount of a firm debt, part of which he paid under an invalid agreement to release him, because his copartners at the time of such payment were solvent, and the creditor failed to sue them until they were insolvent, and failed to return any part of the payment made by him.

5. **Judgment** ⚮256(2)—Issues not submitted deemed·determined by court in support of judgment, and court should give judgment on issues not submitted if warranted.

By statute all issues of fact not submitted and not requested to be submitted are deemed

found by the court in such manner as to support the judgment if there is evidence to support such implied findings, and, if issues submitted are immaterial, the verdict thereon is in law no verdict in the case, and, if a recovery is allowable on other issues or undisputed evidence, and no request was made for their submission, it is the court's duty to so render judgment.

Appeal from Coleman County Court; L. G. Mathews, Judge.

Suit by the Coleman Abstract Company against G. Wm. Baker and others. Judgment for plaintiff, and the named defendant appeals. Affirmed.

Baker & Weatherred, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

BRADY, J. The suit was brought in the justice court, and later tried in the county court on appeal. Appellee as plaintiff sued F. L. Wade, W. M. Hooper, and G. Wm. Baker, the appellant, as members of the firm of Mid-Continent Oil Lease Exchange, for a balance on account for abstracts furnished such firm. Defendants Wade and Hooper suffered judgment by default. Appellant defended on the ground that he had paid to appellee the sum of $73.17 as his proportionate one-third of the account, with the understanding and agreement with appellee's agent and general manager, E. P. Scarborough, that such sum was accepted in full of all claims against appellant arising out of the account. He further alleged that Wade and Hooper were solvent at the time he made such payment, and that appellee failed to bring suit against them until they were insolvent, which condition existed at the trial; and that appellee had retained the amount paid by appellant, had never repaid nor offered to repay the same, and was therefore estopped. There was no sworn denial of the partnership. By supplemental petition, appellee pleaded want of consideration for the agreement and release, if it was ever made, and also pleaded that its general manager had no authority to make such agreement.

The case was submitted to a jury upon special issues, and the answers were, in substance, as follows: That the general manager of appellee agreed with appellant to release him from further liability, upon the payment of one-third of the account, which was paid by appellant in reliance upon such agreement, and was accepted by the general manager as full payment of appellant's liability. That appellant would not have paid such sum if the general manager had not promised to accept it in full settlement as to him, and that Mr. Scarborough was the general manager and in sole charge and control of the business of the company. That appellee has never returned nor offered to return the check or proceeds. That, at the time of the delivery of the check by appellant, the other defendants had money or property out of which the indebtedness could have been collected, and did not have money or property sufficient to satisfy the same at the date of the filing of the suit. Both parties moved for judgment on the verdict: The motion of appellant was denied, and the court, upon such findings and upon the facts and evidence in the case, rendered judgment for appellee.

It is manifest that the court did not base the judgment upon the findings of the jury, as they were practically all favorable to appellant, but upon the theory that the agreement and release found by the jury was without consideration, or that the general manager was without authority to release appellant, or upon both such grounds. The evidence supports the findings of the jury, but, as will be hereafter indicated, it also supports the conclusion that there was no consideration, and that the agent had not the authority to release appellant, at least without a consideration. Neither party requested that either of these last two issues be submitted to the jury, although appellant did ask an instruction defining what would constitute consideration.

In Simmons Hardware Co. v. Adams (Tex. Civ. App.) 147 S. W. 1196, this court recognized the following rule:

"The payment of the part of a debt which is * * * undisputed is not a sufficient consideration to support a promise to accept the same in full payment of the debt. In such a case the creditor has done no more than he was already legally bound to do"—citing numerous authorities.

It is true that in the later case of Schulze v. Waco Land & Trust Co. (Tex. Civ. App.) 177 S. W. 157, the doctrine was criticized, and very respectable authorities cited denouncing the rule. However, this court again recognized that such was the rule generally prevailing, although finding it unnecessary to decide the question.

In the case of Rotan v. Noble, 36 Tex. Civ. App. 226, 81 S. W. 586, it was said:

"The least consideration, however, in such a case [where the creditor has agreed to accept part in payment of the whole] is sufficient to make the agreement binding."

In that case the court found that there was ample consideration.

In Ferguson v. Garrett (Tex. Civ. App.) 235 S. W. 245, the court recognized the general doctrine, but found that there were legal considerations to support the agreement. Cases cited by appellee are: Bergman Prod-

uce Co. v. Brown (Tex. Civ. App.) 156 S. W. 1102; Id. (Tex. Civ. App.) 172 S. W. 554; Simmons Hardware Co. v. Adams (Tex. Civ. App.) 147 S. W. 1196; Rotan Grocery Co. v. Noble, 36 Tex. Civ. App. 226, 81 S. W. 586; Bowdon v. Robinson, 4 Tex. Civ. App. 626, 23 S. W. 816; Clifton v. Foster (Tex. Civ. App.) 20 S. W. 1005; Schulze v. Waco Land & Trust Co. (Tex. Civ. App.) 177 S. W. 157; First Texas Prudential Ins. Co. v. Connor (Tex. Civ. App.) 209 S. W. 417; Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1016; Graham v. Kesseler (Tex. Civ. App.) 192 S. W. 299; 1 C. J. 539, 540; 1 Elliott on Contracts, §§ 217, 2076; 1 R. C. L. 184, § 15.

[1] Whatever may be said of the justice or logic of the rule in question, it is undoubtedly recognized in this state, and must be enforced in a proper case. In the instant case we have not been able to find in the evidence any proof of a consideration valuable or good in law. Appellant was originally liable for the entire debt as one of the partners. His payment of one-third of the amount was nothing more than he was already legally bound to do. There was thereby no disadvantage to him, except as is always present when a debtor pays out money. Appellee received only a part of what was legally due from appellant, and there was no advantage to it thereby, except as is always the case when a creditor receives payment of part of a debt. So far there was not, in the legal sense, any advantage to the creditor or disadvantage to the debtor which would furnish a consideration.

[2] It is argued, however, that at the time the check was given by appellant his copartners were solvent and had property subject to execution, and that at the time the suit was filed, and at the date of the trial, they had become insolvent, and that this change of situation furnished a legal consideration. We cannot assent to this proposition. The question of consideration must be determined as of the date of the agreement, and there could be no binding accord and satisfaction because of a subsequent change in the financial condition of the copartners, especially so since appellant testified and the jury found that he would not have paid the debt at the time he did pay a part, or prior to the institution of the suit, but for the agreement to release him. He would have had no cause of action against his copartners, at the time of the payment, for contribution, since he had not and would not have paid the whole debt. There is no evidence to show that if appellee had not made the agreement to release appellant would have paid the entire debt, and would have sued his partners for contribution. Therefore it follows that he lost nothing by the change in the financial condition of his co-obligors between the date of the

payment and the date the suit was instituted. Appellee had the legal right to forbear suit so long as it pleased, and was not under obligation to appellant to sooner bring an action.

[3] As to the question of authority of the agent, we are not prepared to agree with appellee that the general manager was without authority to make a compromise or settlement, if one was actually made for a valuable consideration. He was the general manager of the business, with full charge and control over it, and was not merely an agent to collect. His authority was coextensive with the power of the corporation itself, by virtue of his general agency, as to all matters within the scope of the business intrusted to him. Manhattan v. Stubbs (Tex. Com. App.) 234 S. W. 1099. But certainly this was the limit of his authority. We doubt whether the directors of the corporation themselves would have had the power to release an undisputed debt, upon the payment of a part only by one liable for it all, unless there was some consideration for the agreement. Such a transaction would amount substantially to a gift of the property of the corporation. Since the agreement would not have been binding upon the principal, the debt being undisputed and the payment being only a part of it, the agent could not bind the principal, in the absence of a consideration.

[4] We see no room for the application of the doctrine of estoppel in this case from any of the facts stated, or from the failure of appellee to return any part of the payment to appellant. Appellant received the benefit of the payment in the application of it as a credit on the account, and was not entitled to a return thereof.

[5] The court below rendered the proper judgment upon the undisputed facts, notwithstanding the findings of the jury favorable to appellant, and the judgment should be affirmed, unless the fact that this was a jury trial would prevent such result. Under the statute governing the submission of special issues, all issues of fact not submitted and not requested to be submitted are to be deemed as found by the trial court in such manner as to support the judgment, where there is evidence to support such implied findings. Therefore if the issues actually submitted and found by the jury are immaterial, the verdict of the jury thereon is in law no verdict in the case. Findings upon immaterial issues could afford no basis for judgment, and if the plaintiff was entitled to recover upon other issues, or upon the undisputed evidence, and no request for their submission has been made, it was the duty of the court to so render judgment. Our views upon this question have recently been expressed in Ferguson v. Kuehn, 246 S. W. 674, in an opinion rendered

October 11, 1922, and not yet [officially] reported. It is true that, on rehearing in that case, we decided to reverse and remand the cause, but not because of any change of view on the question just discussed. The cause was remanded because, upon further consideration, we thought certain issues found by the jury might be regarded as material.

There is nothing in the holding of this court in Scott v. Bank (Tex. Civ. App.) 66 S. W. 493, that conflicts with the conclusions announced here. In that case, it was held that it was the duty of the court, in a special issue case, to render judgment in conformity with the verdict, or to set it aside where the findings were upon material issues. The decision did not require that alternative where the findings are wholly upon immaterial issues.

Believing that the trial court rendered proper judgment, that no reversible error has been shown, and that we have the authority to affirm the case, the judgment will be affirmed.

Affirmed.