No. 13,167.

FOWLER STATE BANK *v.* ELDER.
(15 P. [2d] 622)

Decided September 26, 1932. Rehearing denied October 24, 1932.

Messrs. MCHENDRIE, SHATTUCK & POINTER, for plaintiff in error.

Messrs. MILLER & ALLEN, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE Fowler State Bank of Fowler, Colorado, sued J. W. Taylor in the district court of Otero county and attached certain beans, which were sold by the sheriff and

the proceeds thereof retained by him awaiting the determination of this action. Joshua F. Elder intervened, claiming, as assignee of Taylor, ownership of the beans and the proceeds thereof. Judgment was rendered for the intervener in the sum of $350.53, to review which this writ is prosecuted.

Under the stipulated facts it appears that the beans in question were grown by Taylor on land leased by Elder under a contract between Taylor and the Roger Brothers Seed Company, Inc., an Illinois corporation, whereby the seed company furnished the seed and agreed to accept delivery of the crop provided it met certain tests provided therein and to deliver the proceeds thereof to Taylor after having deducted payment in kind out of the crop grown, or if the crop did not stand the company's test, payment in cash and cost of threshing.

Taylor being indebted to Elder, on August 28, 1930, executed and delivered to Elder the following instrument:

"Roger Bros. Seed Co.,
    Greeley, Colo.
"Dear Sirs:

"Under contract which I have with you for my bean crop raised on Elder land which I rent—please pay to Joshua F. Elder, Keokuk, Iowa, $583.64 from first money due me under our contract and then pay me a like amount.

"Then pay Joshua F. Elder $500.00 of first money due me after above $1167.28 is paid, balance to come to me.
                                "(Signed)   J. W. Taylor."

The seed company, upon receipt of this writing, refused to make payment as outlined therein, but agreed to place Elder's name on any check given in payment for the crop.

On September 29, 1930, the crop was attached by the bank, taken into custody by the sheriff of Otero county, who caused it to be threshed and delivered to the seed company, receiving therefor the sum of $564.81, out of

which was paid the threshing bill of $98.55, leaving remaining in the sheriff's hands the sum of $466.26, the amount in excess of the judgment herein being proceeds of beans grown on other land not involved in this intervention proceeding.

Thereafter and on April 15, 1932, Elder filed his petition in intervention, claiming, under his assignment, the whole amount paid to the sheriff by the seed company.

If the beans were the property of intervener at the time of their attachment, intervener should prevail, otherwise not. A determination of this question involves the construction of the assignment hereinabove quoted. Thereunder no assignment of the beans was made. All that was assigned thereby were the proceeds of a sale of the beans by the Rogers Brothers Seed Company if made pursuant to the terms of the contract between Taylor and the seed company. Such a sale was not made, therefore, the assignment was ineffective as against the bank. The sale by the sheriff was not a sale under Taylor's contract with the seed company, but an independent sale caused by and for the benefit of the bank.

An assignment of proceeds to be derived from the sale of property does not carry an assignment of the property itself as against third parties without notice. In 5 C. J. 925 the rule is stated: "An order drawn by the owner of certain claims on his agent or attorney, to pay a certain sum out of the proceeds of such claims, only operates as an assignment of the proceeds of such claims as are collected by such agent or attorney, and does not operate as an equitable assignment of the claims themselves, and therefore it has been held that such claims are subject to garnishment by the creditors of the drawer." See also *In re Cleary,* 9 Wash. 605, 38 Pac. 79; *Commonwealth v. Cummins,* 155 Pa. 30, 25 Atl. 996.

Since we have held that no money ever became due from the seed company to Taylor and the assignment never became operative as to the bank, it is unnecessary to consider other assignments of error.

The judgment is reversed and the cause remanded with instructions to enter judgment in favor of the Fowler State Bank of Fowler, Colorado, for the amount involved herein.

Mr. Chief Justice Adams and Mr. Justice Butler concur.