**ECKERT–FAIR CONST. CO. v. CAPITOL STEEL & IRON CO.**

No. 12748.

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1949.

Rehearings Denied Jan. 9 and 14, 1950.

J. N. Townsend, Dallas, Tex., for appellant.

Pat Reed, Dallas, Tex., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Capitol Steel & Iron Company, a corporation domiciled at Oklahoma City, Oklahoma, brought this suit against Eckert-Fair Construction·Company, a corporation located and doing business at Dallas, Texas, for a balance claimed·to be due and owing for work and labor performed and materials furnished defendant during the erection of the Fat Stock Show Buildings at Fort Worth, Texas. The erection of the buildings was completed in January, 1948, and a controversy thereafter arose between the parties hereto as to the amount owing for extra materials furnished and ·work and labor done under their contract. The dispute continued for about six months, during which time the parties through their representatives met and attempted to reach an agreement as to the balance due. .After two or three meetings and conferences they finally failed to agree.

The record reveals that on July 21, 1948, defendant wrote the plaintiff a letter in which it itemized all charges and counter-charges claimed between them under their contract up to that date, arriving at a balance of $20,268.71 in favor of plaintiff. A check for that amount was enclosed which ·recited "Final Payment Stock Show Contract". This letter with check enclosure was received and the check was cashed on July 23, 1948. On August 7, 1948, plaintiff answered defendant's letter of July 21st, and stated that it was not willing to settle the account on the basis of defendant's calculations. At that time it indicated it would make an additional claim for the value of twelve sets of double steel industrial doors that it had installed in the buildings ·through its own error.

On November 24, 1948, plaintiff brought suit to recover (1) an alleged balance of $1,423.59 claimed to be due under said contract; (2) for the reasonable value of alleged extras on said buildings in the amount of $2,173.77; (3) for the reasonable value of alleged extras on said buildings in an additional amount of $3,-270.29; and (4) for $2,392, the alleged reasonable value of twelve sets of double steel industrial doors it had installed in said buildings through error.

The defendant, in answer, denied owing any of the sums sued for, and moved. to strike plaintiff's allegations with reference to the amounts claimed for the twelve sets of double steel industrial doors, as showing no claim against defendant; and plead accord and satisfaction to all other items sued for.

The case was tried to the court without a jury, and judgment was rendered for plaintiff in the aggregate sum of $5,728.70, being the various amounts claimed less $260.

The question presented is whether the trial court correctly held that there had been no such accord and satisfaction between the parties as would prohibit recovery on this account for the various items now sued for.

■ It is well settled that in order for the defense of accord and satisfaction to bar a recovery it must be shown that the amount paid and accepted was given in settlement of a disputed account. Root & Fehl v. Murray Tool Co., Tex.Com.App., 26 S.W.2d 189, 75 A.L.R. 902; Fennell v. Troell, Tex.Civ.App., 226 ·S.W. 442; Cf. United States Casualty Co. v. Ewing, 5 Cir., 174 F.2d 209. Here, as revealed in its letter of July 21, 1948, defendant in tendering its check was clearly disputing plaintiff's right to recover for many of the items and amounts later set forth as an alleged indebtedness in the complaint.[1] Manifestly, therefore, all of the claims and invoices sued on were in dispute as shown

1. In its letter of July 21st, the Eckert-Fair Construction Company denied plaintiff's right to payment of invoices No. 9427 for $662.49, No. 9426 for $2213.85, and No. 9424 for $1717.28. Another claim for $1742.41 was also in dispute and disallowed.

by the wording and content of the letter in which the check for $20,268.71 was transmitted. In the letter at least some amount on each of the invoices other than Invoice No. 9428 was allowed. No mention was made of the double steel doors therein for the reason that no claim was made for the doors until a later date.

We conclude, therefore, that a bona fide dispute and controversy existed as to all of the amounts claimed to be due, with the exception of the claim for the value of the doors. Moreover, the check sent bore the notation "Final Payment Stock Show Contract", and the letter enclosed stated that the check was tendered "in final payment of our contract for the above mentioned buildings in Fort Worth, Texas", and "in full settlement of this work". However, it was also shown that when the check and letter arrived Mr. Shubert, who had represented the plaintiff in its dealings with defendant throughout the contract, was not present or apprised of their arrival, and that the check was turned over to the plaintiff's auditing department which handled and deposited same without the knowledge of Shubert.

We are of opinion that decision here must turn upon whether the depositing of the check by the auditing department of the plaintiff was such an acceptance as to constitute an accord and satisfaction binding upon it as a sub-contractor. The burden of proof was on the defendant to show (1) that it tendered the amount paid in full satisfaction of the debt; (2) that there was an acceptance of the sum tendered; and (3) that such acceptance was by the plaintiff or one authorized by it to act, or else there was a subsequent ratification by plaintiff of the acts of its agents in the alleged accord and satisfaction, all to the end that it be shown the minds of the parties have met in accordance with recognized contractual principles in effectuating an accord and satisfaction. Thus, the entering into an agreement for an accord and satisfaction is the making of a new and independent contract in which the minds of the parties must meet, the parties who act must be so authorized, or there must be an acceptance by way of ratification. 1 Texas Jurisprudence p. 251; Schulze v. Waco Land & Trust Co., Tex.Civ.App., 177 S.W. 157; 1 C.J.S, Accord and Satisfaction, § 3, p. 468 and p. 471.

A careful consideration of the entire record evidence in this case leads us unerringly to the conclusion that defendant has failed to discharge its burden of proving an acceptance or ratification by plaintiff sufficient to constitute the alleged accord and satisfaction. After the check was deposited by the auditing department of the plaintiff it is without dispute that upon the return of Mr. Shubert, plaintiff's representative, a letter was written within a reasonable time rejecting the settlement offer, and advising that the amount paid had been credited to defendant's account. Consequently, there is no sufficient proof that the minds of these parties have ever met in effectuating the alleged accord and satisfaction, or that the check was accepted by an agent having authority to enter into such contract on behalf of plaintiff, without which such cannot herein be sustained. It follows, therefore, that the trial court's allowance of the sums of $1163 and $2173.77, as sued for in Items 3 and 4, may not be disturbed, and that part of the judgment allowing recovery for these items is hereby affirmed.

The claim for $2392, however, upon which recovery was allowed by the trial court for the furnishing and installation of the industrial steel doors, may not be sustained. It appears that in addition to its contract with the defendant, plaintiff also had a contract with the city of Fort Worth which called for the painting, furnishing, and installation of overhead industrial doors for the buildings in question. It also appears that the Eckert-Fair Construction Company had a contract to install wooden doors with metal coverings, so that apparently there was a duplication of the contracts for furnishing these doors. The Steel Company claims that it constructed, furnished, and hung these industrial steel doors by mistake, and it sues in quantum meruit to recover their value from defendant. There is no proof that the city of Fort Worth ever paid de-

·fendant for the steel doors and no proof of any unjust enrichment resulting to defendant from the alleged error of plaintiff. The contract by and between the city of Fort Worth and the plaintiff is not before us, and we may not indulge in speculation and guess as to its terms, and as to whether the city of Fort Worth or the defendant was bound to reimburse plaintiff for the value of the doors. Under the evidence adduced it therefore becomes our duty to disallow this unproved claim, in the amount of $2,392, for the industrial steel doors in question. Cf. United States v. Huff, 5 Cir., 175 F.2d 678.

It follows that the judgment should be modified so as to disallow the recovery in the amount of $2,392 for the value of the steel doors, and affirmed in the aggregate sum of $3,336.77, this latter amount being the total of the recovery allowed under Items 3 and 4, or $1163 and $2173.77, respectively. Costs will be equally divided between the parties.

The judgment as modified is
Affirmed.