LANES, BOYCE & CO. v. SQUYRES & IGLEHART.

1. COMPOSITION—CONSIDERATION.—To support an agreement that the creditor take a sum less than the whole of an undisputed debt, it is necessary that the contract form part of an agreement with the debtor and all his creditors by which they were to receive a like

sum. This is not supplied by allegation and proof that a like settlement was made with all the other creditors.

2. COMPOSITION.—The fact that notes given in a composition are not paid at maturity will not invalidate the settlement and restore the original debt.

3. AMENDMENT—PARTIES—COSTS.—It is competent to introduce new parties plaintiff by amendment to the petition: *Provided*, The amendment does not deprive the defendant of any defense he would otherwise have. In such amendment it is proper to tax costs on the party amending.

4. RECEIPTS—PAROL TESTIMONY.—Where a paper is in the form of a receipt, but includes the terms of a contract, such receipt cannot be altered by parol testimony.

5. PRACTICE.—Where new parties are made as plaintiffs, and the testimony shows such parties are entitled to recovery, it is error to render judgment in the name of the original parties.

APPEAL from Parker. Tried below before the Hon. Charles Soward.

Lanes, Boyce & Co., a mercantile firm in the city of New York, on the 9th of August, A. D. 1860, sold to defendants, merchants in Texas, goods to the amount of $1,034.69, and took their note for the same, payable at plaintiffs' office in New York, at six months. Lanes, Boyce & Co. indorsed this note to the National Bank of the Republic.

In August, 1866, the bank held the note still unpaid. On this date E. I. Iglehart, agent of the defendants, made with R. H. Lowery, president of the bank, an agreement to pay fifty cents on the dollar of the principal—one third cash, one third in twelve months, and remaining third in twenty-four months.

This new contract was made at the bank in the city of New York, and the one third cash paid was indorsed on the old note, and two new notes were taken for the unpaid two thirds, both payable at the Bank of the Republic.

January 16, 1872, suit was brought by Lanes, Boyce & Co. on the old note, admitting the $172.45 as a credit, the new notes being unpaid. Defendants pleaded this new agreement in bar, alleging it was made at the Bank of the Republic, in

the city of New York, and that it was reduced to writing, in form of a receipt, as follows:

"THE NATIONAL BANK OF THE REPUBLIC,
"NEW YORK, *August* 22, 1866.

"Received of Squyres & Iglehart one hundred and seventy-two dollars and forty-five cents cash, and their notes at one and two years, each for $172.45, which, when paid, will be in full for their note, $1,034.69, due February 12, 1861, in favor of Lanes, Boyce & Co.        R. H. LOWERY, *President.*"

The specific allegations in the answer setting up this settlement are. set out in the opinion. General and special demurrers were filed to this plea.

By amendment plaintiffs alleged that the note was owned by the bank, and made it a party, asking judgment for its use; brought the new notes into court that they might be canceled, and asked judgment in the alternative on the small notes in case the court should hold that a recovery could not be had on the old note.

The defendants excepted to the making of new parties.

The demurrer to the plea was overruled, and on trial judgment was rendered for plaintiffs (Lanes, Boyce & Co.) for the amount due on the two small notes.

The original note, the two small notes, the receipt for the first payment on the composition, were read in evidence.

The court excluded parol testimony offered to explain the receipt. The errors assigned appear clearly in the opinion.

*W. E. Hughes,* for appellants, cited Price v. Wiley, 19 Tex., 142; Heard v. Lockett, 20 Tex., 162; McFadin v. MacGreal, 25 Tex., 73; Pridgen v. McLean, 12 Tex., 420; Perkins v. Lockwood, 100 Mass., 249; Obendorf v. Union Bank, 31 Md., 126; Norman v. Thompson, 4 Ex., 754; Williams v. Carrington, 1 Hilton, 515; Cumber v. Wayne, 1 Smith's L. C., 439; 2 Pars. on Con., 681, 688; 2 Green. Ev., 28; Goodrick v. Stanley, 24 Conn., 621; Woodward v. Miles, 4 Foster,

289; Hall v. Smith, 15 Iowa, 588; Putnam v. Lewis, 8 Johns., 389; Johnson v. Weed, 9 Johns., 310; Hariman v. Hariman, 12 Gray, 341; McDaniels v. Lophom, 21 Vt., 222; Penniman v. Elliott, 27 Barb., 315; Warbury v. Wilcox, 2 Hilton, 118; Flack v. Garland, 8 Md., 188; McGehee v. Shafer, 15 Tex., 198.

*Peeler, Montgomery & Fisher*, for appellees.

IRELAND, ASSOCIATE JUSTICE.—In the amended answer of defendants, filed the 8th of October, 1872, they say that they settled and compromised the debt sued on, in the manner set out, "in consideration of the fact that the said note here sued on was an *ante bellum* note."

On the 6th day of January, 1873, defendants filed another amended answer, in which they say "that said compromise, so made, was, in fact and in truth, a part of a general composition and compromise made and entered into with the general creditors of defendants, in the said city of New York, by their defendants.

"That each of said creditors, by the terms of said compromise and composition, agreed and promised, at the time of making the same, to receive in full discharge and satisfaction of their several claims and demands against defendants fifty cents on the dollar, and on that basis these defendants paid all of said creditors, save the plaintiffs, who had heretofore refused to carry out the said terms of said compromise and composition."

These extracts from the defendants' pleadings present their defense in the strongest light in which it is shown by the record. Does the defense show a sufficient consideration to uphold the settlement made in 1866?

It is well settled, elementary in fact, that an agreement, not supported by a consideration, for a creditor to receive a less sum than the whole, will not discharge the debt. (Bradshaw v. Davis, 12 Tex., 346.)

There is a class of cases apparently within this rule, but which the law merchant, for reasons of public policy, places on a different basis.

This class is embraced in what is generally denominated a composition or an agreement, by a debtor in failing circumstances and a number of creditors to take a less sum in discharge of the whole. Nor does the rule stated above include compromises of disputed or doubtful claims. These are not only upheld, but are favored by the courts, and they do not, as in undisputed demands, require any other or distinct consideration to support them. In this case, defendants' proof shows that the debt was undisputed.

Compositions are usually or frequently effected through trustees, and when an assignment is made, and it is understood at the time of the assent of each creditor that all the other creditors are to become parties to the arrangement—are all to receive a like per cent., in full discharge, these settlements are upheld. It would be understood, however, at the time the agreement is entered into, that all are to share alike. (Perkins v. Lockwood, 100 Mass., 249.)

Tested by these rules, it will be seen that the defense fails both as to pleas and proof.

The pleas do not allege that it was understood and agreed at the time of the settlement in 1866, that plaintiffs undertook and agreed to take the offered settlement upon condition, or with the understanding that all the other creditors were to accept a like sum in discharge of their debts. This is not supplied by the allegations and proof that a like settlement was made with all the other creditors, and we are of opinion that the court erred in overruling plaintiffs' demurrer to defendants' answer.

We cannot assent to the proposition contended for by plaintiffs, that a composition entered into, which might be good under the rules here laid down, would still fail, unless the new notes were promptly paid at maturity.

If a composition should be effected by the execution of a

binding agreement, whether in the shape of promissory notes or in some other shape; if it is in a condition to be enforced and the creditor can sue and recover upon it, it would be sufficient. (Bradshaw v. Davis, 12 Tex., 349.) It is true that parties capable of contracting might make time of the essence of the contract, and make its binding force depend upon payment at the day named; but this is never the case in commercial contracts or contracts relating to chattels, but may be made so by agreement of parties.

It was competent to make the proper parties to the suit by amendment, provided the amendment came in time and did not deprive the defendants of any rights of defense they otherwise had. (Hopkins v. Wright, 17 Tex., 35; Martel v. Somers, 26 Tex., 558.) In such case, however, it would be proper for the court to charge the party making the amendment with all costs, or require their payment as a condition upon which the amendment should be made.

With reference to the question raised by the exclusion of a portion of the deposition of Lowery and Ford, it appears that the receipt given defendants at the time of the settlement, in 1866, is not only a receipt, but it embraces the terms of the settlement; and when this is the case such receipts can no more be altered or changed by parol than any other written agreement.

Lowery says in his deposition that the receipt expressed the terms of settlement, and such appears to be its import, and it was not error to exclude parol evidence to show that there were other stipulations in the agreement, in the absence of any allegations of fraud or omissions in drawing it.

There is an error in the judgment not assigned, nor could it be, by appellants, inasmuch as there was no effort to correct it. The cause went to trial as the association, under the laws of Congress, successors to the Bank of the Republic, yet the judgment is in favor of Lanes, Boyce & Co.

Whether the defendants can bring themselves within the rules announced in this opinion, will be for them to deter-

mine on another trial. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.