## W. L. GEORGE v. F. A. VAUGHAN.

(Case No. 2754.)

1. PLEADING.— A petition filed in a suit to recover damages for a refusal to record at legal rates an instrument required by law to be recorded, which fails to state either that the defendant was clerk of

some particular court, and who, as such clerk, was authorized and required to record such instrument, or that he was authorized and required to record it, is bad on general demurrer. An allegation that the defendant was, at the time the instrument was tendered for record, clerk of —— court, is not sufficient.

ERROR from Guadalupe. Tried below before the Hon. J. P. Richardson.

George, plaintiff below, sued Vaughan, alleging that on the 9th day of May, 1870, and for at least —— days prior thereto, Vaughan was clerk of the ———— court of Guadalupe county; that plaintiff, being a dealer and trader in cattle, and having at that date near Seguin a large drove of cattle under herd, which he was about to drive to a distant market, presented to Vaughan a bill of sale to the cattle to be recorded; that he applied to Vaughan to record the same, which he refused to do unless George would pay him $31.30 — alleging that the bill of sale contained less than twelve hundred words, including every ear-mark, word and brand in the bill of sale; counting every letter and figure as a word, in each brand composed of more than one letter or figure — when, for recording, the law allowed him only twenty cents for each hundred words. Which sum of $31.30, in coin, George had finally to pay Vaughan in order to get his bill of sale recorded, and enable him, George, to move his cattle; that the maximum amount to which Vaughan was entitled for the work was $2.40, and that Vaughan had exacted of him $28.80 more than he was entitled to by law for the work. Also charging Vaughan with fraud, oppression and extortion in taking advantage of his circumstances (he, George, having a large drove of cattle on hand in the county, and anxious to get them to market) to extort from George more than Vaughan by law was entitled to; praying for $500 or $600 damages as corrective and punitory, attorney's fees, etc.

Vaughan filed a general demurrer to the petition, which

was sustained by the court, and judgment rendered dismissing the petition, etc.

The only error assigned was that the court erred in sustaining the demurrer of defendant to the petition of the plaintiff.

*W. E. Goodrich,* for plaintiff in error.

*James H. Burts,* for defendant in error.

WATTS, J. COM. APP.— A general demurrer is an objection to pleading for the want of substance, as contradistinguished from a special demurrer, which is an objection to the form in which a cause of action or ground of defense is stated. If the pleading is so defective in substance that it does not present such cause of action as would authorize a judgment to be rendered thereon, then it would be subject to the operations of a general demurrer.

In the case of Lambeth *v.* Turner, 1 Tex., 367, in treating of the operations of a general demurrer, Justice Lipscomb said: "It cannot avail, whatever informality, irregularity or defect there may be in any part of the petition, if there should be a good cause of action, independent of those objections."

And in the case of Williams *v.* Warnell, 28 Tex., 612, the court held that "the legal effect of a general demurrer is to admit the facts pleaded to be true, but to deny that they constitute a cause of action or ground of defense."

From these and other cases decided by the supreme court, we deduce the true rule to be applied in testing the correctness of the ruling of the court below sustaining a general demurrer to a pleading, to be this: That, admitting to be true all the averments in the pleading, then does it constitute such cause of action or ground of defense as will sustain a judgment thereon? If it does, the

demurrer ought to be overruled; and if it does not, the demurrer should be sustained.

In the case before us the plaintiff did not sue for the statutory penalty of fourfold the amount extorted (Pasch. Dig., art. 3830), but for the $28.80 which he claims was an overcharge that he paid appellee, and for damages for detention, and for punitory or vindictive damages on account of the fraud, malice and oppression of the appellee in refusing to record the bill of sale until he was paid the $30.30.

The petition does not aver that appellee was the clerk of the district court of Guadalupe county. The clerk of the district court was then the only officer authorized or required by law to record bills of sale or other written instruments. Nor did the petition show that appellee, Vaughan, was authorized or required by law to record such an instrument. In our opinion, to constitute a cause of action, it was essential either to aver that the appellee was at the time the clerk of the district court of Guadalupe county, or else that he was authorized and required by law to record such instrument; otherwise appellant could not recover money knowingly, and in the absence of mistake or fraud, paid to a private individual for services performed. And it is equally clear that he could not recover damages for delay, caused by the refusal of a private individual or person not authorized or required to perform the services, for refusing to be employed except for a stated amount.

A proper disposition of this case will be to affirm the judgment.

AFFIRMED.

[Opinion delivered April 29, 1881.]