Opinion delivered April 22, 1886.

[No. 3924.]

TOBE TURNER *v.* THE STATE.

PRACTICE.—Article 544 of the Code of Criminal Procedure provides that, if
a "motion to set aside an indictment or information, or an exception to
the same, is sustained, the defendant, in a case of misdemeanor, shall be
discharged but may be again prosecuted within the time allowed by
law." The defendant in such case cannot be held, as in a felony case,
but must be discharged; and this rule applies whether the indictment is
set aside on the motion of the State or on the motion of the defendant.
In this case, after the defense announced ready, the county attorney
quashed the information because of a fatal defect, and filed another
*instanter.* The defendant asked leave to withdraw his announcement,
because not ready to answer to the new information, which application

was refused, and the trial on the new information was proceeded with. *Held*, error, and that the defendant was entitled to his discharge, and was not triable until arrested under the new information.

APPEAL from the County Court of Tarrant. Tried below before the Hon. Sam Furman, County Judge.

The conviction in this case was for aggravated assault upon the person of Max Elser, and the punishment assessed by the jury was a fine of eighty dollars.

The opinion sufficiently discloses the case.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. It is made to appear by the first, second, and third bills of exceptions in the record that, after the parties had announced ready for trial, the county attorney moved the court to quash the information for variance as to the date of the offense between the complaint and information. The motion being granted and the first information quashed, a new information was filed *instanter*. Defendant asked leave to withdraw his announcement of ready for trial because not ready to answer the new information; which request was refused by the court, and the parties ordered to proceed with the trial.

It is not made to appear that defendant was ever arrested upon and held to answer the new information after it had been preferred against him. Instead of waiving any of his rights, he was prompt in protesting against the trial at that time. The information on which he had announced for trial having been quashed, his announcement went with it, and ceased to be binding any further upon him. In such cases the statute provides the practice as follows, viz: "When the motion to set aside an indictment or information, or an exception to the same is sustained, the defendant, in a case of misdemeanor, shall be discharged; but may be again prosecuted within the time allowed by law." (Code Crim. Proc., Art. 544.) He cannot be held as in case of a felony (Code Crim. Proc., Art. 545), but, in the language of the statute, *"he shall be discharged."* This rule applies as well where the indictment or information is set aside on motion of the State, as on motion of defendant,

In this case the defendant should have been discharged when the information was quashed; and he should not have been held to answer to the new trial until he had been re-arrested under it, unless, indeed, he had waived process and consented that the trial should proceed forthwith. Until the new information was filed, there was no case in the court which he was bound or required to answer, and the filing of the new information was the institution of a new case against him.

Because the court erred in holding defendant bound by his announcement for trial after the first information was quashed, and forcing him to trial when he had not been arrested, nor legally held to answer the second information, the judgment is reversed and the cause remanded.

*Reversed and remanded.*