Ed. Bowen v. The State.

*No. 6702.   Decided May 3.*

1. **Information.**—An indispensable requisite of an information is that it is made to appear upon its face that it was presented in a court of competent jurisdiction. Except by inference the information in this case does not appear to have been presented in any court. The State failing to amend the information in this respect, the court erred in overruling the defendant's exception thereto.

2. **Verdict.**—If on a trial for aggravated assault the jury determines to convict for simple assault, they should so specify in their verdict.

Appeal from the County Court of Guadalupe.   Tried below before Hon. James Greenwood, County Judge.

The information charged an aggravated assault and battery, and the verdict found the appellant "guilty," and assessed his punishment at a fine of five dollars.

*W. R. Neal*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

Willson, Judge.—One of the statutory requisites of an information is "that it shall appear to have been presented in a court having jurisdiction of the offense set forth."   Code Crim. Proc., art. 430, subdiv. 2.   It does not appear from the information in this case, except inferentially, in what court the same was presented, or that it was presented in any court.   This requisite, like all others, must be made to appear by direct affirmative allegation.   Thomas v. The State, 18 Texas Ct. App., 213; Code Crim. Proc., art. 432.

This defect in the information having been pointed out by an exception should have been cured by amendment, or the exception should have been sustained.   Other exceptions made to the information are not maintainable, because not supported by the record.   It is charged in the information that both an assault and battery was committed by the defendant in the house of a private family.

We will not determine the question as to the sufficiency of the verdict further than to say that if it was the intention of the jury to find the defendant guilty of a simple assault only the verdict should have so specified.

Because of the defect in the information above stated, the judgment is reversed; but said defect being one of form and amendable, the prosecution will not be dismissed, but the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.