**COCHRAN et al. v. PEOPLE'S NAT BANK.**
**(No. 2450.)**

(Court of Civil Appeals of Texas. Amarillo.
April 1, 1925.)

**1. Pleading ☞228—Exceptions to answer held general and not "special exceptions"; "general exceptions."**

Exceptions complaining of answer generally for failure to allege certain defenses, and not pointing out the particular part of the defendants' answer complained of, were "general" and not "special exceptions," since a general exception is an objection to a pleading, or any part thereof, for want of substance, while a special exception is an objection to the form in which a cause of action is stated.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Special Exceptions.]

**2. Bills and notes ☞484—Answer alleging payment of note held subject to general demurrer.**

In action on note, answer alleging payment of note by payment of amount credited upon note, less than the face of the note, and agreement to accept such smaller amount in discharge of indebtedness because of want of consideration, without accounting for the unpaid balance, *held* subject to general demurrer.

**3. Pleading ☞228—Every reasonable intendment indulged in favor of pleading as against a general demurrer.**

Every reasonable intendment arising on pleading excepted to is indulged, as against a general demurrer, in favor of its sufficiency.

**4. Trover and conversion ☞32(4)—Allegations held to plead conversion of bonds by bank.**

In action on note, allegations of cross-action that defendant deposited bonds with certain bank, that plaintiff bank took over the assets of such bank and assumed its liabilities, that defendant had made demand for bonds on plaintiff, and that demand was disregarded except as to one bond, *held* sufficient pleading of plaintiff's conversion of bonds.

Appeal from District Court, Montague County; J. V. Leak, Judge.

Suit by the People's National Bank against C. C. Cochran and others. Judgment for plaintiff and defendants appeal. Reversed and remanded.

Homer B. Latham, of Bowie, for appellants.

J. M. Donald, of Bowie, for appellee.

RANDOLPH, J. This suit was filed in the district court of Montague county, Tex., against C. C. Cochran et al., as defendants, on a negotiable promissory note in the sum of $1,525, bearing interest at the rate of 10 per cent. per annum from date, signed by C. C. Cochran and W. G. Cochran, and payable to the order of the plaintiff. The petition also sets out a credit upon said note of $525.

Defendants filed answer and cross-action in which they set up want of consideration, "insufficient" consideration, payment of the note, and, by way of cross-action, sought recovery of the value of $200 for certain United States bonds alleged to have been converted by the plaintiff.

The trial court sustained plaintiff's plea in abatement to defendants' cross-action, which plea is in effect a general exception, and also sustained special exceptions, which are only general exceptions to defendants' answer, and, defendants declining to amend their pleadings, "same was stricken," and on proof by plaintiff judgment was entered for the plaintiff for the amount sued for by it, and from such judgment this appeal is taken.

Appellants' assignments and propositions thereunder will not be considered in order, but will be disposed of as they present material issues, which will be discussed by us. The parties will here be styled as in the trial court. The plaintiff bought the assets, and assumed the liabilities of the Nocona National Bank. The terms of the assumption by plaintiff of the Nocona Bank's liabilities, as pleaded by defendants are as follows:

"In consideration of the transfer of such assets and liabilities herein referred to, by the Nocona National Bank to the People's National Bank, the said People's National Bank hereby agrees to assume the said liabilities of the said Nocona National Bank, as shown by the books of that bank as of the date of April, 1921."

At the time of the transfer of the assets of the Nocona Bank, as appears from defendants' pleadings, the defendants owed that bank a note for $500, and that was the only indebtedness owed by defendants to the Nocona Bank. As charged in defendants' pleadings, the note for $1,525 was signed by them as a renewal of the $500 note after it got in the hands of the plaintiff bank, and that such renewal occurred after the maturity of the $500 note. Defendants further allege that the transfer of said $500 note to the People's National Bank occurred after the maturity of said note. There is no explanation in defendants' answer as to why or how it came about that they signed the note sued on as a renewal of the $500 note. There are no allegations of fraud, accident or mistake, or any explanation given for the signing of such a tremendously excessive note as a renewal of the smaller note. The allegation only shows that such a transaction was consummated. It is further alleged that the note sued on has been paid by defendants paying to the plaintiff the sum of $500 principal and $25 interest. The plaintiff's petition declares upon a note for $1,525, and al-

leges a credit thereon of $525. The allegation of payment is a charge that by paying the $500 note the defendants extinguished the note for $1,525.

[1] The plaintiff filed a general exception and special exceptions which, though named special exceptions, are only general exceptions, in that they do not point out the particular part of the defendants' answer complained of, but only complain of the answer generally for the failure to properly allege certain defenses. These special exceptions are as follows:

"(1) In that same is wholly insufficient, either in law or in equity, to show any defense to plaintiff's cause of action, in that, upon its face, it is an attempt to alter, change, and vary the terms of a valid written instrument by parol testimony concerning facts precedent to the date of its execution, without any allegation of fraud, accident, or mistake.

"(2) In that, upon its face, it shows that the defendants herein are now estopped from pleading as a defense herein any matter existing at and prior to the execution of said note, which is the basis of plaintiff's cause of action.

"(3) In that the sworn plea does not set forth the manner of payment in which the note sued on herein was paid, so as to place plaintiff on notice so as to make defense thereto.

"(4) In that the sworn plea does not set forth the manner in which consideration for the note in question has failed.

"(5) In that the allegations concerning transactions with the Nocona National Bank of Nocona, Tex., is wholly immaterial and irrelevant, and does not show any defense to plaintiff's cause of action, in that, at the time of the execution of the note to the plaintiff herein, the said notes due by defendants had come into the possession of the bank for a valuable consideration without notice, and that the said note was executed to evidence the indebtedness of said defendants to said bank, and therefore would not show any defense to plaintiff's cause of action."

The plaintiff strenuously insists that these are special exceptions, but we cannot so consider them. A general exception is an objection to a pleading or any part thereof for want of substance; a special exception is an objection to the form in which a cause of action is stated. George v. Vaughan, 55 Tex. 129–131.

[2] The question, therefore, upon which we shall pass is: Was the answer subject to general demurrer? We think it was. The answer alleges the payment of the note sued on, it is true, by the payment of a much smaller amount upon the obligation, and does not account for the unpaid balance that appears from the face of the note sued on. The payment of an obligation for a larger amount by the payment of a sum much less than of the debt sued for cannot be taken for the payment of the whole of such amount by the simple allegation that the defendant has paid it, especially where the amount claimed to have been paid is credited upon the note. Lanes, etc., Co. v. Squyres, 45 Tex. 382. This is true, even if it was or had been alleged that the creditor had agreed to accept same in discharge of the indebtedness because of want of consideration. Rotan Grocery Co. v. Noble, 36 Tex. Civ. App. 226, 81 S. W. 586 (writ denied); Bowdon v. Robinson, 4 Tex. Civ. App. 626, 23 S. W. 816.

The so-called plea in abatement, leveled at defendants' cross-action, is only a general demurrer, and, in passing upon the action of the trial court in sustaining same, and in considering the sufficiency of the pleading, we will so consider it.

[3, 4] The rule is that every reasonable intendment arising upon the pleading excepted to shall be indulged as against a general demurrer in favor of its sufficiency. Collins v. Warren, 63 Tex. 311, 319. Applying this rule, since the defendant charged that he deposited with the Nocona National Bank his United States bonds in the sum of $250, that the People's National Bank took over the assets of the Nocona National Bank and assumed its liabilities, that he had made demand for such bond upon the plaintiff, which demand was refused and disregarded, except as to one $50 bond which was returned to the defendant, by intendment he charged the possession of the other $200 worth of bonds to be in plaintiff. This is not affected or changed by defendant pleading the contract which provides that plaintiff took over the assets and assumed the liabilities of the Nocona Bank, as shown by the books of that bank as of date April 1, 1921. After the plaintiff took over the assets of the Nocona Bank and had taken possession of such bonds and converted them, it would be liable to plaintiff, regardless of the provision relative to the showing thereof upon the books of the bank.

We therefore hold that the trial court erred in disregarding defendants' cross-action. As the judgment of the trial court must be reversed, we reverse such judgment, and remand the whole case for a new trial, to enable the defendant to properly plead and present his defenses, under the rule laid down in the majority opinion in the case of S. L. Green et al. v. La Rue Oil Association et al., 272 S. W. 623, recently decided by this court, but not yet [officially] published.