EX PARTE NOE LONGORIA

No. 27,635. June 25, 1955

38

*Terry, Martin* and *Bonilla,* and *Stevenson* and *Groce,* Corpus Christi, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant stands charged in the corporation court of Corpus Christi, Texas, with a violation of an ordinance of that city.

He sought discharge by habeas corpus proceeding instituted before Hon. Philip A. Schraub, Judge of County Court at Law No. 2 of Nueces County, upon the contention that his arrest to answer said charge in the corporation court was unlawful.

He alleged and it was established at the hearing before Judge Schraub that the violation charged in the complaint had been the subject of a prior complaint filed in the corporation court; that his conviction in said court had been appealed to County Court at Law No. 2; and that in said court his motion to quash the complaint had been sustained and the case dismissed.

He appeals from the order refusing his discharge and remanding him to custody of the chief of police.

The prosecution in the corporation court is not barred by limitation.

Appellant contends that under the terms of Arts. 876 and 915 C.C.P. the corporation court has no jurisdiction to entertain the new complaint.

Art. 915 C.C.P. reads as follows: "When a defendant files the appeal bond required by law with the justice, all further proceeding in the case in the justice court shall cease."

Art. 876 C.C.P. provides that appeal from the corporation court shall be governed by the rules of practice and procedure from justice courts to county courts, so far as applicable.

The cases of Ex parte Hoard, 63 Texas Cr. R. 519, 140 S.W. 449, and McNamara v. Druse, 33 Texas Cr. R. 363, 26 S.W. 506, construing said statutes, appear to be authority on the proposition that once the appeal is perfected, the corporation or justice court loses all jurisdiction so long as the case is pending in the county court, or after it is disposed of by conviction, acquittal or dismissal upon motion or recommendation of the county attorney.

Appellant would have us extend this rule so as to include a disposition of the case in the county court through the sustaining of the defendant's motion to quash the complaint.

Art. 527 C.C.P. reads as follows: "If the motion to set aside or the exception to an indictment or information is sustained, the defendant in a misdemeanor case shall be discharged, but may be again prosecuted within the time allowed by law."

Appellant calls attention to the fact that this statute refers to motions to set aside an indictment or information, and reasons that it has no application to prosecutions by complaint alone.

To agree with this theory would be to say that where an indictment or information is attacked as insufficient, and the defendant's exception is sustained, he may be again prosecuted, but where the charge is by complaint alone, as in the justice or corporation court, the sustaining of the exception is a final disposition of the case, and no new complaint may be filed.

If the sustaining of a motion to quash the complaint in the county court precludes the filing of a new complaint for the same violation, then the same is true if the first complaint filed in the justice court or corporation court is quashed by the judge of that court.

We conclude that the rule announced in the cases above cited should not be extended to cover the disposition of the case by sustaining the attack of the defendant upon the complaint.

One who obtains his release by habeas corpus on the ground that the complaint upon which he was convicted in the corporation court for violation of a city ordinance did not state an offense, cannot rely on the defense of former jeopardy to a sufficient charge subsequently filed in the corporation court. State of Florida ex rel. Joe Cacciatore v. E. B. Drumright, 156 So. 721, 97 A.L.R. 154.

We hold that the corporation court was the proper court in which to file the new complaint charging a violation of the city ordinance.

The judgment of the trial court remanding appellant to the custody of the chief of police of Corpus Christi is affirmed.