WILLIAM WHITUS PUGH V. STATE

No. 28,202. April 18, 1956.
State's Motion for Rehearing Overruled
(Without Written Opinion) May 23, 1956.

*Florence, Florence & Garrison,* by *G. L. Florence,* Gilmer, for appellant.

*Harry Loftis,* Criminal District Attorney, *R. S. Burruss,* and *T. Alex Beall,* Assistants Criminal District Attorney, Tyler, and *Leon Douglas,* State's Atttorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for possessing unstamped illicit liquor, the punishment being assessed at a fine of $300.

When this case was called for trial, appellant presented a motion to quash the information as being at variance with the complaint. That motion was overruled.

The state then presented its motion seeking to dismiss the information in the case because "the second count in said information" was "insufficient in law to properly allege a former conviction." Such motion was granted.

The state thereupon requested permission to file a new information in the case upon the original complaint. Such request was granted and the new information was presented.

The appellant was then called for trial to answer the new information. His request for not less than two days' time within which to file written pleadings and to prepare for trial was refused, and he was forced to trial—all over his exceptions and objections.

When the trial court sustained the state's motion to dismiss the information, appellant was, in law, discharged from the accusation against him. There was, then, no case pending against him (Art. 527, C.C.P.).

When the state filed the new information, a new case was thus instituted and appellant was called upon, for the first time, to answer, for the offense charged in that information.

Art. 514, C.C.P., provides that "In all cases the defendant shall be allowed two entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings."

We have repeatedly held that such statute must be complied with upon the demand of the accused. Turner v. State, 21 Tex. App. 198, 18 S.W. 96; Arrelano v. State, 82 Tex. Cr. R. 128, 198 S.W. 314.

The state insists that the new information constituted nothing more than an amendment of the existing or first information and that the two days' allowance by statute does not apply thereto.

The record does not warrant such construction. The new information was new in fact and was the act of a different

county attorney than the one who presented the first information.

Because appellant was not accorded the two days' time allowed by the statute, the judgment is reversed and the cause is remanded.