**The STATE of Texas, Appellant,**

v.

**Lorenzo C. MORENO, Appellee.**

**No. 13–88–592–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 30, 1989.

Rehearing Denied May 4, 1989.

Carlos Valdez, County Atty., Corpus Christi, for appellant.

W.J. Sames, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

Appellee Lorenzo Moreno was charged with prostitution. Appellee filed a motion to quash the information, which the trial court granted. The State gave notice of appeal. At the outset, we find that the State has failed to invoke our jurisdiction, and we dismiss the appeal.

Before 1987, the State had no right to appeal. In 1987, Texas voters passed a constitutional amendment which granted the State a limited right to appeal. Tex. Code Crim.Proc.Ann. art. 44.01 (Vernon Supp.1989). This article sets forth an exhaustive list of circumstances where the State may appeal. It provides that the State may appeal an order of the trial court if it:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy; or

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

Of the five instances when the State may appeal, the only one arguably implicated in this case is the first, and the issue presented here is whether the trial court's order granting appellee's motion to quash was an order dismissing the information or a portion of it.

In deciding this issue, we first set forth the information, appellee's objection to it, and the trial court's order. The information alleged that appellee:

> knowingly agree[d] to engage in sexual conduct, to-wit: deviate sexual intercourse with R. Vela for a fee, to wit: $10.00 payable to said R. Vela, said deviate sexual intercourse being the contact of Lorenzo C. Moreno's mouth with R. Vela's penis.

By his motion to quash, appellee alleged that the term "agree" should be defined in greater detail. Appellee explained that if "the same is by written agreement, or by conduct, or by orally spoken words, or any combination, the same should be alleged, and further if by words, such words should be alleged so as Defendant may know what words are intended to constitute the element 'agreed.' " Appellee prayed that the information be quashed and the cause dismissed.

After hearing argument on the motion, the trial court granted the motion and requested appellee to prepare a written order. The written order prepared by appellee read:

> The Court ... finds that such Motion is proper and should be granted. *The State not having requested leave to amend, the Court further finds that this cause should be dismissed.*
>
> THEREFORE, IT IS HEREBY ORDERED AND DECREED that Defendant's Motion to Quash is hereby Granted, the Complaint and Information are hereby quashed, *and this cause is dismissed.*

The trial court specifically struck through the underlined portions. In granting the motion, the trial judge obviously did not grant the request to dismiss.

In *State v. Hancox*, 762 S.W.2d 312 (Tex. App.—Fort Worth, 1988, no pet.), the Fort Worth Court of Appeals concluded that an order quashing an information is not necessarily an order dismissing it. The *Hancox* court reasoned that if an information can be amended after the motion to quash is granted, then the information is not "dismissed." *Id.* Here, like in *Hancox*, the record does not show that the trial court either in writing or verbally dismissed the information. Additionally, there is no showing that the trial court denied the State an opportunity to amend the information or that the State refused to amend. We agree with the reasoning and holding of the court in *Hancox*.

Motions to quash may be used in a variety of contexts to challenge the validity of a charging instrument by calling the trial court's attention to a defect that is not obvious on its face. *See Green v. State*, 533 S.W.2d 769 (Tex.Crim.App.1976). Generally, motions to quash are used to raise complaints about matters covered by Tex. Code Crim.Proc.Ann. arts. 21.02, 21.21, 27.-02, 27.03, 27.08, and 27.09 (Vernon 1966 and Pamphlet 1989). Under some circumstances, the granting of a motion to quash might be tantamount to a dismissal of the charging instrument. We are not presented with such a circumstance here.

In the present case the trial court's order required the State to give appellee additional notice of the allegation "agree." That action cannot be construed as one which dismisses the information or any portion of it. The State had, and still has, the right to amend the information to provide the notice appellee complained of in his motion to quash. This is because the legislature granted the right to amend information and indictment on matter of form and substance in enacting articles 28.09 and 28.10 of the Texas Code of Criminal Procedure (Vernon Pamph.1988). Since the trial court did not order the information dismissed and the State can cure the alleged defect in form by amendment and continue its prosecution, we are unwilling to hold that the granting of this motion to quash constitutes a dismissal of the information. Accordingly, we conclude that article 44.01

does not allow the State to appeal the trial court's ruling.

Since the trial court's order is not an appealable order under article 44.01, the State's appeal is improper and the cause is dismissed for want of jurisdiction.