STATE of Texas, Appellant,

v.

Rickey J. EAVES, Appellee.

No. 232–90.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 5, 1990.

Jeff Blackburn, Larry B. Ladd, Amarillo,
for appellant.

Dale W. Elliott, County Atty., and T.D.
Hammons, Asst. County Atty., Amarillo,
Robert Huttash, State's Atty., Austin, for
the State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The narrow question presented in this cause is whether the State is entitled to appeal an order setting aside an information upon a finding that the statute underlying the prosecution is unconstitutional. The answer depends on whether in the circumstances of this cause the order entered "dismisses" an information within the meaning of Article 44.01(a)(1), V.A.C.C.P.[1] We will hold that the order does constitute a "dismissal" such as to entitle the State to make its appeal.

### I

The information charged that on or about May 6, 1989 appellee remained on premises licensed by the Texas Alcoholic Beverage Commission to serve alcoholic beverages while he was intoxicated and was the permittee under said license. V.T.C.A. Alcoholic Beverage Code, §§ 1.05 and 104.01(5).

Appellee filed and presented an "exception" challenging the constitutionality of

---

1. In pertinent part, Article 44.01. supra, provides:

    (a) The state is entitled to appeal an order of a court in a criminal case if the order:

    (1) dismisses an ... information[.]

    \*   \*   \*   \*   \*   \*

    (e) The state is entitled to a stay of the proceedings pending the disposition of an appeal under Subsection (a) ... of this article.

the general proscription in § 104.01, supra, on grounds that it is so vague as to deprive him of rights to due process and due course of law guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and by Article I, § 19 of the Constitution of the State of Texas, respectively.[2] His prayer is that the trial court sustain the exception and "Order the information set aside."

Upon hearing the trial court sustained the exception and ordered that the information be "set aside."

The State timely filed written notice of appeal, certifying that its appeal "is to seek review of an order of the trial court which *dismissed* all or part of the information filed in this cause."[3] It did not seek a stay of proceedings.

On appeal the State contended in its sole point of error that the statutory provision is not unconstitutionally vague. Appellee countered with a motion to dismiss and second reply point asserting that the court of appeals lacked jurisdiction to consider the appeal. He contended that the State was required to attempt to amend the information as a predicate to appeal, citing *State v. Hancox*, 762 S.W.2d 312 (Tex.App. —Fort Worth 1988) PDR refused, and because the order below only "set aside" the information it was not a "dismissal" contemplated by Article 44.01(a)(1).

After reviewing his arguments and sparse authority touching Article 44.-01(a)(1), the court of appeals opined that "the critical factor" is whether the order "effectively terminates the prosecution," reasoned that since the order set aside the information on grounds that the statute creating the offense is unconstitutional "it was no longer possible to charge an of-

fense under the statute," so the legal effect of the order is "equivalent to dismissal." Accordingly, the court of appeals concluded that the order "effectively terminated the prosecution and was therefore appealable by the State." *State v. Eaves*, 786 S.W.2d 396 (Tex.App.—Amarillo 1980).

This Court refused a petition for discretionary review in *Hancox v. State*, supra, but did grant review in *State v. Moreno*, 769 S.W.2d 661 (Tex.App.—Corpus Christi 1989), which agreed with *Hancox*. Because appellee claims the decision of the court of appeals in this cause is in conflict with decisions in *Moreno* and *Hancox*, the Court granted review to determine whether there is indeed tension between them and, if so, to resolve the conflict. Tex.R.App. Pro. Rule 200(c)(1) and (2).

## II

At the outset it is helpful to survey relevant procedural statutes to comprehend guiding concepts and proper terminology pertaining to treatment of defensive pleadings and motions. In this connection we note that currently germane statutes are substantially those of progenitors in the Old Code, albeit some since rearranged, with additional provisions made along the way.[4]

Article 27.02 delineates pleading and motions of defendant; germane here are the first and last subdivisions, *viz:*

(1) A motion to set aside *or* an exception to an indictment or information for some matter of form or substance;

\*      \*      \*      \*      \*      \*

(8) Any other motions or pleadings that are by law permitted to be filed.[5]

---

**2.** The exception implicates only the clause "[conduct] which is lewd, immoral, or offensive to public decency." The instant offense occurred before the effective date of the act amending § 104.01; thus revised subdivision (5) is not in issue.

**3.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**4.** In the following discussion all references are to articles in codes of criminal procedure unless otherwise indicated.

**5.** Neither Article 27.03 nor any other article mentions a so-called motion to quash, but early cases make clear that our courts treated that motion as equivalent to a motion to set aside. Thus by definition and judicial usage "quash" and "set aside" are synonymous in their common meaning: "to vacate, to annul, to make void." Garner, A Dictionary of Model Legal

That the office or function of a motion to set aside a charging instrument is to cause it to be vacated, see note 5, *ante,* is demonstrated by the kinds of specific grounds upon which it may be based under Article 27.03.[6]

■ An "exception" to a charging instrument is a formal legal objection asserting the charge is insufficient. Black's Law Dictionary, supra, at 667–668, 813, 1570; see Webster's New Collegiate Dictionary (1979) 394. In civil practice there was a general exception (demurrer) for want of substance, as well as a special exception to form of the action. *Cochran v, People's Nat. Bank,* 271 S.W. 433, at 434 (Tex.Civ. App.—Amarillo 1925), citing *George v. Vaughan,* 55 Tex. 129, at 131 (1881).[7]

Our codes of criminal procedure retained the practice of an exception to substance in Article 27.08, and an exception to form in Article 27.09, but restrictively specified respective grounds and causes for each.[8]

That there are clear disparate reasons specified for an exception to substance and an exception to form suggests that where the trial court finds merit in an exception the consequences may well depend on the circumstances. Indeed, Chapter Twenty–Eight, Articles 28.04ff so provided.[9]

Formerly the Legislature mandated: "No matter of substance can be amended." Article 28.10, C.C.P. 1965. Accordingly, in a misdemeanor case should an exception to substance be sustained the proper procedure was to discharge defendant pursuant to Article 28.04, pending preparation of and filing a correct information based on the original complaint, arrest of accused and commencement of a new prosecution. The rule applied as well to exceptions by the State as by defendant. See, e.g., *Pugh v. State,* 289 S.W.2d 929 (Tex.Cr.App.1956); *Turner v. State,* 21 Tex.App. 198, 18 S.W. 96 (1886).[10] If an exception was sustained

---

Usage (1987) 457 and 498; Black's Law Dictionary (Revised Fourth Edition 1968) 1410 and 1537.

**6.** Formerly the only statutory grounds for setting aside an indictment or information were the two prescribed in Old Code article 483 (article 523, C.C.P. 1879; article 570, C.C.P. 1911; article 506, C.C.P.1925), to-wit: (1) that court records show it was not found by nine grand jurors, or that the information was not found by nine grand jurors, or that the information was not based on a valid complaint, and (2) that an unauthorized person was present when the grand jury was deliberating on accusations against defendant, or voted on the same. However, independent of statutory grounds, courts recognized certain inherent defenses derived from the constitution, i.e., jeopardy and want of jurisdiction. *Spearman v. State,* 34 Tex.Cr.R. 279, 30 S.W. 229 at 230 (1895); *Owens v. State,* 25 Tex.App. 552, 8 S.W. 658 (1888); *Johnson v. State,* 22 Tex.App. 18, 2 S.W. 609, at 612–613 (1886); *Williams v. State,* 20 Tex.App. 357 (1886); *Rainey v. State,* 19 Tex.App. 479 (1885); *Dodd v. State,* 10 Tex.App. 370 (1881). In 1965 the Legislature broadened the two reasons to include "any other grounds authorized by law," and to specify a third ground: "That the grand jury was illegally impaneled...." See Interpretative Commentary and Special Commentary to Article 27.03. Compare Article 27.09, subdv. 3.

**7.** In 1940, Tex.R.Civ.Pro. 90 abolished the general demurrer and required that every defect, omission or fault in form or substance in a pleading be specifically pointed out by excep-

tion in writing and brought to the attention of the trial judge.

**8.** Article 27.08 bars any exception to *substance* of an indictment or information but on four prescribed grounds, *viz:*

it fails to show an offense against the law was committed by defendant;

it facially appears that prosecution is barred by lapse of time, or the alleged offense was committed after finding of indictment;

it contains matter that is a legal defense to prosecution; and

it facially shows that the trial court lacks jurisdiction thereof.

Article 27.09 permits exceptions to *form* of an indictment or information for three causes only, *viz:*

it does not appear to have been presented to the proper court as required by law;

it lacks any requisite prescribed by Article 21.02 (for indictment) and 21.21 (for information);

it was not returned by a lawfully chosen or empaneled grand jury.

**9.** Our focus here is on an exception to an information charging a misdemeanor; for rules treating consequences in felony (and perhaps misdemeanor cases charged by indictment) *only* see Articles 28.05, 28.06, and 28.08.

**10.** On appeal where the information is determined to be fatally defective but there is a valid complaint so that a new information may be presented, the prosecution was not dismissed but remanded for lodging a new information. *Patterson v. State,* 162 Tex.Crim. 535, 287 S.W.2d 949 (1956); *Simmons v. State,* 252

on ground that "there is no offense against the law charged therein," defendant was discharged unless a complaint be filed accusing him of a penal offense. Article 27.07.

But if the exception was "only on account of form, the [charging instrument] *shall* be amended, if defective, and the cause proceed upon such amended charge." Article 28.09, C.C.P.1965. *Rowlett v. State,* 156 Tex.Crim. 44, 238 S.W.2d 781, at 782 (1951); see *Bowen v. State,* 28 Tex. App. 498, 13 S.W. 787 (1890), *viz:*

> This defect in the information, having been pointed out by exception, should have been cured by amendment, or the exception should have been sustained.... [B]ut, said defect being one of form, and amendable, the prosecution will not be dismissed, but the cause is remanded.

*Id.,* 13 S.W. at 788.

Against this background of jurisprudence and pursuant to constitutional amendment, effective December 1, 1985, the Legislature revised some statutes pertinent to our inquiries.

Relative to exceptions, Article 28.09 now provides:

> If the exception to an indictment or information is sustained, the information or indictment *may* be amended *if permitted by Article 28.10 of this code,* and the cause may proceed upon the amended indictment or information.

Under prescribed circumstances, Article 28.10 permits amendment to "a matter of form *or substance* in an information or indictment;" but should defendant object, the instrument may not be amended to charge "an additional or different offense," or so as to prejudice "the substantial rights of the defendant."

As always amendments must be made with leave of court and under its direction. Article 28.11.

Finally, as to *dismissing* prosecutions, our statutes have consistently provided only two situations in which dismissals are specifically authorized: Article 32.01, where defendant is detained in custody or held to bail the *prosecution* may be dismissed if indictment or information is not presented at the next term of court thereafter; Article 32.02, where prosecuting attorney may, by permission of the trial court, dismiss a *criminal action* upon filing among the papers in the case a written statement giving reasons for such dismissal.[11]

### III

■ In the instant cause appellee entitled his pleading an "exception," alleged that § 104.01 is unconstitutional in that it is impermissibly vague and overbroad, so that to prosecute him on the information would violate his rights to due process and due course of law, and prayed that the information be "set aside." The pleading does not state a precise ground specified in either Article 27.03 (motion to set aside) or Article 27.08 (exception to substance). But in light of its content and prayer it may reasonably be regarded as coming within

S.W.2d 711 (Tex.Cr.App.1952). As to a prosecution by complaint, see *Ex parte Longoria,* 162 Tex.Crim. 37, 280 S.W.2d 743 (1955).

**11.** Until 1965 every code of criminal procedure provided that words and terms used in the code, unless specially excepted therein, have the meaning given them in the penal code, and were to be construed and interpreted as therein declared. O.C. article 50; article 50, C.C.P. 1879; article 59. C.C.P. 1895; article 59. C.C.P. 1911; article 48, C.C.P.1925.

Each related penal code defined "criminal action" and "prosecution" substantially alike, *viz:*
> A 'criminal action,' as used in this code, means the whole, and any part of the procedure which the law provides for bringing offenders to justice; and the terms *"prosecution,"* "criminal prosecution," "accusation," and "criminal accusation," are used in the same sense.

O.C. article 25; article 26, C.C.P. 1879; article 26, C.C.P. 1895; article 26, C.C.P.1911; article 24, C.C.P.1925 (omitting, however "criminal prosecution" and "criminal accusation"). See, e.g., *Lorance v. State,* 172 S.W.2d 386, at 388 (Tex.Civ.App.—Dallas 1943); *Kemper v. State,* 63 Tex.Cr.R. 1, 138 S.W. 1025, at 1038–1039 (1911), overruled on other grounds, *Robertson v. State,* 63 Tex.Cr.R. 216, 142 S.W. 533, at 546 (1911); *Russell, Sheriff v. State,* 37 Tex.Cr.R. 503, 36 S.W. 1070 (1896); *Childers v. State,* 30 Tex.App. 160, 16 S.W. 903, at 905 (1891); *Bautsch v. City of Galveston,* 27 Tex.App. 342, 11 S.W. 414, at 415 (1889).

contemplation of Article 27.03 ("any other grounds authorized by law") or Article 27.02 ("any other motions or pleadings that are by law permitted to be filed").

When the trial court sustained the "exception" and ordered the information "set aside," Article 28.04 mandated that appellee be discharged; he "was, in law, discharged from the accusation against him," and there was then "no case pending against him." *Pugh v. State*, supra, at 930. Unless and until a new information is filed "there was no case in the court which he was bound to answer." *Turner v. State*, supra. Thus, as surely as if the information had been "dismissed," the prosecution, the criminal action, terminated.

However, as in the court of appeals appellee contends here that the State was required to seek to amend the information before being entitled to appeal under Article 44.01(a)(1). He relies on *State v. Hancox* and *State v. Moreno*, both supra. Each is readily distinguishable: in *Hancox* the motion sought to compel the State to elect between two means alleged for committing the offense of driving while intoxicated; in *Moreno* the motion asserted that an information alleging prostitution should define "agree" in greater detail. Upon each motion being granted, the State had only to amend its pleading for the cause to proceed to trial. Article 28.09. Here the information was not amendable, and thus we have no conflict to resolve.[12]

We agree with the court of appeals that once the trial court ordered the information set aside, in legal effect discharging appellee, on grounds that the statute creating and underlying the offense alleged in the information is unconstitutional, "[i]t was no longer possible to charge an offense under the statute." *State v. Eaves*, supra, at 398. Accordingly, we hold that because the ruling of the trial court terminated the criminal action and effectively discharged appellee from further prosecution under the

statute, the State was entitled to appeal from the order entered by the court.

Having answered the question presented, we are not called on to address whether the court of appeals correctly decided the merits of the exception to the information.

The judgment of the Amarillo Court of Appeals is affirmed.

MILLER, J., concurs in the result.

TEAGUE, J., dissents.

---

**12.** Because *Moreno* is pending decision we pretermit further discussion of that situation to avoid intimation of the ultimate disposition

when a misdemeanor information is amendable.