**The STATE of Texas, Appellant,**

v.

**Robert Lynn JIMENEZ, Appellee.**

**No. 08-91-00095-CR.**

Court of Appeals of Texas, El Paso.

March 4, 1992.

Discretionary Review Refused June 3, 1992.

Mark H. Dettman, County Atty., Midland, for appellant.

Thomas S. Morgan, Midland, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

In this interlocutory appeal pursuant to Tex.Code Crim.Pro.Ann. art. 44.01(a)(1) (Vernon Supp.1992), the State seeks review of the trial court's dismissal of an information against Robert Lynn Jimenez, Appellee. We affirm.

The information charged Appellee with unlawfully, intentionally and knowingly damaging, defacing and mutilating the flag of the United States of America. *See* Tex.Penal Code Ann. § 42.14 (Vernon Supp.1992). Pursuant to his motion to dismiss the information, the trial court ruled the state statute prohibiting destruction of a flag unconstitutional. The ruling was based upon the United States Supreme Court's opinion which held a similar federal statute, 18 U.S.C. § 700 (Supp.1990), unconstitutional. *United States v. Eichman*, 496 U.S. 310, 110 S.Ct. 2404, 110 L.Ed.2d 287 (1990). Due to the supremacy of that ruling, the trial court was bound to follow the mandates of that case. Finding Section 42.14 of the Texas Penal Code similarly flawed, the trial court ruled it unconstitutional and dismissed the information. As a result, the State is entitled to and does appeal. *State v. Eaves*, 800 S.W.2d 220 (Tex.Crim.App.1990).

The State argues that the strong presumption in favor of constitutionality of statutes was not rebutted by Appellee's argument and reliance upon *Eichman. See Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 715 (Tex.1990, orig. proceeding). Furthermore, the State asserts the flag represents a symbol of national history and unity worthy of protection through the exercise of proper police power of the State. As such, the assailed statute is allegedly not impermissibly violative of an individual's freedom of free expression. Such arguments have been previously presented to the Supreme Court and rejected. *See Eichman*, 496 U.S. at 313–19, 110 S.Ct. at 2407–10, 110 L.Ed.2d at 293–96; *Texas v. Johnson*, 491 U.S. 397, 410–19, 109 S.Ct. 2533, 2542–47, 105 L.Ed.2d 342, 358–63 (1989).

Both rulings in *Eichman* and *Johnson* were predicated upon the finding that flag burning was expressive conduct containing ample elements of communication to involve the guaranteed protections provided by the First Amendment. *See Eichman*, 496 U.S. at 313–19, 110 S.Ct. at 2407–10, 110 L.Ed.2d at 293–96; *Johnson*, 491 U.S. at 406, 109 S.Ct. at 2540, 105 L.Ed.2d at 354. The State has not indicated how the present version of the Texas flag destruction statute differs from those previously ruled unconstitutional. The pertinent portion of the federal statute recently condemned provided that one who "knowingly mutilates, defaces, physically defiles, burns, maintains on the floor or ground, or tramples upon any flag of the United States" is guilty of an offense. 18 U.S.C. § 700(a)(1) (Supp.1990). The current Texas statute delineates, in its pertinent part, that a person who "intentionally or knowingly damages, defaces, mutilates, or burns the flag of the United States or the State of Texas" commits an offense. Tex.Penal Code Ann. § 42.14(a). The controlling question is whether the current version is sufficiently distinct from the flawed statutes to the extent that it does, as opposed to its counterparts, constitutionally proscribe the judicially-appointed expressive conduct of desecration of a flag.

In *Eichman*, the government argued the new federal statute was constitutional because it was not fraught with the frailty of the prior Texas statute in that it did not target expressive conduct based upon the content of its message. The Texas statute ruled unconstitutional in *Johnson* prohibited acts of destruction that the actor knew would seriously offend onlookers. Similarly, a prior federal law proscribed only acts which would "cast contempt upon the flag." *See Eichman*, 496 U.S. at 315, 110 S.Ct. at 2408, 110 L.Ed.2d at 294. However, Mr. Justice Brennan wrote that the absence of these explicit content-based limitations did not cure the infirmities. Consequently, as an intermediate appellate court, we must conclude that the present Texas statute cannot be found constitutional even though it also lacks such limitations.

Additionally, the State's reference to the legislature's overwhelming support for passage of Section 42.14 to illustrate the great value to be assessed for protection of symbols of national and state unity cannot be relied upon to find the current statute constitutional. Mr. Justice Brennan rejected the government's invitation to consider Congress's similar recognition of a national consensus favoring a prohibition against flag burning. Recognizing the potential offensiveness of desecration of a flag, the Court ruled that the government's role in creating and promoting national symbols did not properly include the criminal proscriptions embodied in the Flag Protection Act because such prohibitions served only to "[dilute] the very freedom that makes [the flag] so revered, and worth revering." *Eichman*, 496 U.S. at 319, 110 S.Ct. at 2410, 110 L.Ed.2d at 296. Accordingly, we are constrained to also hold that similar societal views within the state cannot, in and of themselves, justify the similar prohibitions found in Section 42.14 of the Texas Penal Code.

The Justices on this Court, like others across this country, have taken an oath to uphold the Constitution and laws of this State and of the United States. As an intermediate Court, we are bound to follow the decisions of all higher Courts in their interpretation of the laws and Constitution

of this State and of the United States. Today we do that.

That does not prohibit the author of this opinion from expressing a view of approval of the dissenting opinion of Mr. Justice Stevens in both *Johnson*, 491 U.S. at 435, 109 S.Ct. at 2555, 105 L.Ed.2d at 374 and *Eichman*, 496 U.S. at 319, 110 S.Ct. at 2410, 110 L.Ed.2d at 297. Mr. Justice Brennan, the author of both opinions, and Mr. Justice Marshall, who joined with the majority in both 5 to 4 opinions, are no longer on the Court. When this issue reaches the Court again, it may apply the doctrine of stare decisis and deny an application for writ of certiorari. But, based on the conclusion of Mr. Justice Stevens's dissenting opinion in *Eichman*, it appears that he and those who joined with his dissent would prefer to change what they see as a bad national policy, initially created by a slim majority of the Court. If the Court does choose to grant a writ, this Court's decision to affirm the trial court's dismissal could be reversed.

But, for today, we are compelled to overrule the State's point of error, and the judgment of the trial court is affirmed.