

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0002-10

**THE STATE OF TEXAS**

**v.**

**KENTON JERROD RHINEHART, Appellee**

**ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW**
**FROM THE FIFTH COURT OF APPEALS**
**DALLAS COUNTY**

**PRICE, J., filed a dissenting opinion in which WOMACK, J., joined.**

## DISSENTING OPINION

It is true that, nominally, the only order that the trial court issued in this cause was the order granting the appellee's motion to quash the indictment. But the only argument that the appellee made in his motion to quash to justify setting aside the indictment was that the Family Code provisions for transferring the exclusive jurisdiction over a juvenile offender from juvenile court to an adult trial court had not been met. The appellee articulated no other basis for quashing the indictment either in his motion to quash or during the brief hearing that

was held on that motion. The trial court could only have predicated its ruling on this claim. Indeed, although it is not made explicit in the trial court's boilerplate order granting the motion to quash, the trial court *necessarily* ruled that the transfer order was invalid and that the lack of a valid transfer order deprived it of jurisdiction over the matter.

The court of appeals, and now this Court, however, do not construe the trial court's order granting the motion to quash to entail any ruling whatsoever with regard to the validity of the juvenile court's transfer order—it was, in the view of both courts, simply and exclusively a ruling on the facial validity of the indictment. The court of appeals went on to hold that, because there is no statutory basis for setting aside an indictment based upon the invalidity of a transfer order, and the appellee asserted no *other* ground for setting aside the indictment, the trial court erred to quash it.[1] The court of appeals declined to reach the question whether the trial court had *authority* to second-guess the validity of the transfer order because the trial court did not expressly purport to set aside the transfer order itself.[2] The Court today takes the same tack, refusing even to comment on the trial court's authority

---

[1]    *See State v. Rhinehart*, No. 05-09-00155-CR, 2009 WL 3248270 (Tex. App.—Dallas, delivered October 12, 2009) (not designated for publication), at *2 ("Here, the motion to quash does not assert any of the statutory grounds for setting aside an indictment, nor does it challenge the indictment based on form or substance.").

[2]    *See id.*, at *3 ("[W]e need not decide the issue here. Appellee's motion did not seek to set aside the transfer order; it sought to quash the indictment.").

to rule, if only implicitly, on the validity of the juvenile court's transfer order.[3]

And yet, it was my impression that our original purpose in granting the appellee's petition for discretionary review was to address the trial court's authority to declare (implicitly, but necessarily, given the state of the record) the transfer order invalid—or, more

---

[3] The Court says it "do[es] not believe that the criminal district court's quashing appellee's indictment based on the State's lack of 'due diligence' is necessarily a determination by the criminal district court that it lacks jurisdiction over the case." Majority op., at 7. But the Court suggests no other plausible basis for the trial court's order, and I can think of none. The Court also asserts that the question of the trial court's authority to grant a motion to quash based upon the validity, *vel non*, of the juvenile court's transfer order would not become an issue "unless the criminal district court set aside the transfer order *and attempted to remand the case to the juvenile court*." *Id*. (emphasis supplied). But the fact that the trial court did not attempt to remand the case to juvenile court does not mean that it could not have believed that it lacked jurisdiction because of an invalid transfer order. The trial court might have believed that it was powerless to remand the case to the juvenile court, notwithstanding an invalid transfer order, in light of Section 54.02(i) of the Family Code, which provides that "the criminal court may not remand the child to the jurisdiction of the juvenile court." TEX. FAM. CODE § 54.02(i).

Still, though it may not have been authorized to remand the appellee to the jurisdiction of the juvenile court, the trial court had the authority to determine its *own* jurisdiction by way of a motion to set aside the indictment—essentially, a motion to quash. *See State v. Eaves*, 800 S.W.2d 220, 222 & n.6 (Tex. Crim. App. 1990) (bases for motion to set aside indictment not necessarily limited to grounds explicitly enumerated in Article 27.03 of Code of Criminal Procedure; this Court has historically recognized constitutional bases, "independent of statutory grounds," including "jeopardy and want of jurisdiction"; and, since Article 27.03 was amended in the 1965 Code of Criminal Procedure, it now embraces these formerly "independent" grounds, by authorizing pre-trial motion to set aside indictment on "any other grounds authorized by law"); *State v. Rosenbaum*, 910 S.W.2d 934, 944-45 (Tex. Crim. App. 1994) (Clinton, J., dissenting), adopted as majority opinion on State's motion for rehearing, *id*. at 948 (same). Given the particular motion to quash in this record, the trial court could only have doubted its own *jurisdiction* based upon the appellee's challenge to the juvenile court's transfer order, and granting the motion to quash can reasonably be construed on this record only as a ruling on the validity of that transfer order. The trial court may have erred (if in no other respect) by hearing *evidence* to resolve the appellee's motion to quash. *See State v. Rosenbaum*, *supra*, at 946 (even constitutional challenge to indictment that implicates trial court's jurisdiction must be determined from the face of the indictment and not by extrinsic evidence). But it remains evident to me that the trial court actually granted the appellee's motion to quash the indictment—rightly or wrongly—because of a fatal flaw it perceived in the juvenile court's transfer order.

accurately, to remand the cause to the court of appeals for that court to address this question in the first instance, since it did not do so on original submission. Now, instead of remanding the cause, the Court decides the merits of a different question altogether—one that the court of appeals has *also* yet to address—namely, whether the State may have procedurally defaulted any argument on appeal that the trial court lacked authority to invalidate the transfer order. I am unsure why the Court feels compelled to follow this course, since the court of appeals rendered no "decision" on the procedural default issue, and there is, therefore, none for us to examine in our discretionary review capacity.[4]

It is clear enough to me on this record that the trial court's ruling on the appellee's motion to quash necessarily amounted to a ruling on the validity of the juvenile court's transfer order, and I would simply hold that the court of appeals erred to the extent that it concluded otherwise. I would then remand the cause to the court of appeals for further consideration. I would direct that court to consider, in the first instance: 1) whether the trial court had the authority to make such an implicit ruling on the validity of the transfer order; and/or, in the event that it should find that the trial court *did* have that authority (or, possibly, as an alternative to deciding *whether* the trial court had that authority), then 2) whether the

---

[4]  *See, e.g.*, *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007) (State's alternative argument in the court of appeals that the appellant procedurally defaulted his Confrontation Clause claim was never resolved by the court of appeals and therefore "not ripe" for our consideration on discretionary review, since in that capacity "we review 'decisions' of the courts of appeals"; the court of appeals could consider the procedural default argument in the first instance, however, on remand).

State procedurally defaulted any complaint about the trial court's authority by failing specifically to question its authority during the proceedings at the motion to quash hearing. We should refrain from any opinion of our own with respect to either of these issues unless and until we have the benefit of an opinion from the court of appeals that has decided them in the first instance.

Because the Court declines to follow this course, I respectfully dissent.

FILED:      March 9, 2011
PUBLISH